**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3636
_____

ERIC GREENE,
a/k/a JARMAINE Q. TRICE

v.

SUPERINTENDENT SMITHFIELD SCI;
THE DISTRICT ATTORNEY OF THE COUNTY OF
PHILADELPHIA;
THE ATTORNEY GENERAL OF THE
COMMONWEALTH OF PENNSYLVANIA

Eric Greene,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: Honorable Joel H. Slomsky
D.C. Civil No. 2-04-cv-05200
_____

Argued September 11, 2017

Before: VANASKIE, RENDELL, and FISHER
*Circuit Judges*

(Opinion Filed:  February 9, 2018)

Michael Wiseman             [ARGUED]
Post Office Box 120
Swarthmore, PA 19081
        *Counsel for Appellant*

Catherine B. Kiefer             [ARGUED]
Susan E. Affronti
Ronald Eisenberg
Kathleen E. Martin
Philadelphia County Office of District Attorney
3 South Penn Square
Philadelphia, PA 19107
        *Counsel for Appellees*

—————————

OPINION

—————————

VANASKIE, *Circuit Judge*.

Eric Greene appeals from the denial of his motion to vacate the final judgment entered against him in his habeas corpus challenge to the validity of his 1996 state court conviction on charges of second degree murder, robbery, and conspiracy to commit robbery.  At the core of this appeal is whether the failure to properly present to the state courts a claim that Greene's direct appeal counsel was ineffective can

2

be excused on the ground that his postconviction counsel was ineffective in not pursuing the claim. After this appeal was filed, the Supreme Court answered this question in the negative, holding that "a federal court [may not] hear a substantial, but procedurally defaulted, claim of ineffective assistance of appellate counsel when a prisoner's state postconviction counsel provides ineffective assistance by failing to raise that claim." *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). In light of *Davila*, we will affirm the District Court's denial of Greene's motion to vacate.

I.

This is the second time Greene's habeas proceeding has been before us. *See Greene v. Palakovich*, 606 F.3d 85 (3d Cir. 2010), *aff'd*, 565 U.S. 34 (2011). The underlying facts and procedural history are set out in great detail in our earlier opinion, *id.* at 87–93, and will not be restated here. Instead, we will recite only those facts pertinent to the question of whether Greene is entitled to vacate the judgment against him in order to pursue a claim of ineffective assistance of appellate counsel (the "IAAC claim").

During Greene's trial for murder, robbery, and conspiracy, the prosecution introduced the redacted confessions of two of Greene's nontestifying codefendants. After a jury returned a guilty verdict, Greene filed an appeal to the Pennsylvania Superior Court, arguing that the trial court's decision to admit the redacted confessions violated the rule announced in *Bruton v. United States*, 391 U.S. 123 (1968). The Pennsylvania Superior Court rejected this claim. After initially granting Greene's request for allowance of appeal, the Pennsylvania Supreme Court summarily dismissed the

3

allowance of appeal as improvidently granted. *Commonwealth v. Trice*, 727 A.2d 1113 (Pa. 1999).[1]

Here, Greene contends that appellate counsel rendered ineffective assistance when he failed to advise Greene that he had the right to petition the Supreme Court of the United States for a writ of certiorari following the Pennsylvania Supreme Court's summary dismissal of his appeal. In the briefing presented to the Commonwealth's High Court, Greene argued that *Gray v. Maryland*, 523 U.S. 185 (1998), decided after the Pennsylvania Superior Court had rejected Greene's Confrontation Clause claim, entitled him to relief on his Confrontation Clause claim.[2] Having dismissed Greene's appeal as improvidently granted, the Pennsylvania Supreme Court did not opine on the strength of Greene's Confrontation Clause claim in light of *Gray*.

Greene's conviction became final on July 29, 1999, when the time for filing a certiorari petition expired. In August of 1999, Greene, proceeding *pro se*, filed a petition under the

---

[1] Greene is also known as Jarmaine Trice. For purposes of clarity, we will refer to the Appellant as Eric Greene.

[2] In *Gray*, the Supreme Court held that the Confrontation Clause bars the admission of a nontestifying codefendant's redacted confession at trial if the redaction "replace[s] a proper name with an obvious blank . . . or similarly notif[ies] the jury that a name has been deleted . . . ." 523 U.S. at 195. This is the kind of redaction that was made in the confessions of Greene's codefendants that were introduced at his trial.

4

Pennsylvania Post Conviction Relief Act, ("PCRA"), 42 Pa. Cons. Stat. § 9541, *et seq.* The attorney appointed to represent Greene in the PCRA proceeding filed a "No Merit Letter" pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1998). In fulfilling its obligation under *Finley*, the state trial court undertook an examination of the claims presented in Greene's *pro se* PCRA petition. The state trial court observed that Greene had asserted "several claims of ineffective assistance of counsel," but "[t]he majority of these claims . . . [were] not pled with the requisite specificity to allow review." (App. 128.) It then concluded that "the record reveals no claims of arguable merit that could be raised under the PCRA," (*id.* at 131), and dismissed Greene's petition.

Greene appealed the dismissal of his PCRA petition to the Pennsylvania Superior Court. In affirming the dismissal, the Superior Court held that Greene's claims of ineffective trial and appellate counsel were "deemed waived" by virtue of Greene's failure to develop those claims "with any specificity." (*Id.* at 117.) On July 27, 2004, the Pennsylvania Supreme Court denied Greene's petition for allowance of appeal. *Commonwealth v. Trice*, 857 A.2d 679 (Pa. 2004).

In November of 2004, Greene commenced this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Included among the claims he presented were a Confrontation Clause claim based upon *Gray* and claims of ineffective assistance of trial, appellate, and PCRA counsel.

The Magistrate Judge assigned to Greene's case issued a comprehensive Report and Recommendation that concluded by proposing that the habeas petition be dismissed, but that a certificate of appealability be issued "with respect to [Greene's] Sixth Amendment Confrontation Clause claim

5

concerning the redacted confessions of his codefendants . . . ." (App. 64.) Pertinent to the matter now before us, the Magistrate Judge found that because the Pennsylvania Superior Court had concluded that Greene waived his ineffective assistance of trial and appellate counsel claims, they could not now be considered on federal habeas review, observing that Greene "has not argued that any cause and prejudice will excuse the default . . . ." (*Id.*) Greene did not object to the Report and Recommendation. On April 2, 2007, the District Court adopted the Report and Recommendation, dismissed the habeas petition, and granted a certificate of appealability on the Confrontation Clause claim.

A divided panel of our Court rejected the Confrontation Clause claim and affirmed the dismissal of the habeas petition. *See Palakovich,* 606 F.3d at 106. With respect to Greene's reliance upon *Gray*, we held that "clearly established Federal law" must be determined as of the date of the last relevant state-court decision, and not when the conviction became final. *Id*. This meant that *Gray*, decided after the Superior Court ruling but before Greene's conviction became final, could not be relied upon for purposes of determining whether the state court decision resulted from an unreasonable application of "clearly established Federal Law, as determined by the Supreme Court of the United States."[3] *Id*. at 98 (quoting 28 U.S.C. § 2254(d)(1)).

---

[3] Greene was tried jointly with several codefendants, including Naree Abudullah. In 2012, we assessed the applicability of *Gray* to the redacted confessions introduced at Greene's trial in the context of Abdullah's contention that he was entitled to habeas relief on the ground that the admission of the codefendants' redacted confessions violated his

6

The United States Supreme Court thereafter granted Greene's petition for a writ of certiorari. *Greene v. Fisher*, 563 U.S. 917 (2011). On November 8, 2011, the Court

---

Confrontation Clause rights. *See Abdullah v. Warden SCI Dallas*, 498 F. App'x 122 (3d Cir. 2012). Unlike Greene, Abdullah was able to rely upon *Gray* because his appeal to the Pennsylvania Superior Court was still pending when *Gray* was issued. Thus, we were confronted with the question of whether the Superior Court's rejection of Abdullah's Confrontation Clause claim was the result of "an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), and that clearly established Federal law included *Gray*. In Abdullah's case, we held that, although the admission of the "redacted confessions raise[d] legitimate constitutional concerns," the additional, conflicting evidence introduced at trial "cast doubt upon the . . . assertion that [the] redacted confessions gave rise to an immediate inference that Abdullah was among the individuals" who took part in the robbery. *Id*. at 133–34. Because *Gray* cautions that the admission of a redacted confession does not necessarily rise to the level of a Confrontation Clause violation if "the trial [record] indicates that there [were] more participants than the redacted confession ha[d] named[,]'" *id.* at 134 (quoting *Gray*, 523 U.S. at 195) (internal brackets omitted), we concluded that the "redacted confessions, considered in conjunction with the other evidence presented by the government, arguably prevented a direct inference of Abdullah's guilt from the confessions." *Id*. We thus held that Abdullah failed to establish that the "Superior Court's decision to reject Abdullah's confrontation claim constituted" an unreasonable application of clearly established Federal law. *Id*.

7

unanimously affirmed our ruling. *See Greene v. Fisher*, 565 U.S. 34 (2011). Commenting on the fact that Greene could not obtain judicial review of his Confrontation Clause claim based upon *Gray*, Justice Scalia stated:

> We must observe that Greene's predicament is an unusual one of his own creation. Before applying for federal habeas, he missed two opportunities to obtain relief under *Gray*: After the Pennsylvania Supreme Court dismissed his appeal, he did not file a petition for writ of certiorari from this Court, which would almost certainly have produced a remand in light of the intervening *Gray* decision . . . . Nor did Greene assert his *Gray* claim in a petition for state postconviction relief.

*Id.* at 41.

More than three years after the Supreme Court rejected Greene's reliance upon *Gray* to challenge the validity of his 1996 conviction, Greene, proceeding *pro se*, filed a motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to vacate the District Court Judgment entered on April 2, 2007.[4] Greene's motion sought to resurrect his defaulted IAAC claim on the strength of the Supreme Court's 2012 decision in *Martinez v. Ryan,* 566 U.S. 1 (2012).

---

[4] Counsel thereafter entered an appearance on behalf of Greene and filed an amended Rule 60(b) motion.

*Martinez* held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance *at trial* if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 17 (emphasis added). The gist of Greene's argument was that his direct appeal counsel was ineffective for not advising him of the availability of seeking Supreme Court review of his substantial Confrontation Clause claim based upon *Gray*; that his first opportunity to present this IAAC claim was at his initial PCRA proceeding; and that his PCRA counsel was ineffective for not having presented what Greene perceived to be a meritorious IAAC claim. Greene maintained that the rationale underlying *Martinez*—that a convicted person should have one counseled opportunity to present an ineffective assistance of counsel claim—applied in the appellate context, as well as the trial setting.

By Order dated August 26, 2016, the District Court denied Greene's Rule 60 (b)(6) motion. In the course of a comprehensive Opinion accompanying the Order, the District Court summarized the following reasons for denying the Motion:

> First, [Greene's] Motion constitutes an impermissible successive habeas petition. Second, *Martinez* . . . does not apply to [Greene's] ineffective assistance of counsel claim. Finally, even if [Greene's] Motion did not constitute an impermissible

9

successive habeas petition, and even if *Martinez* applied to provide "cause" for [Greene's] procedural default, the equitable factors warranting consideration under Rule 60(b) do not weigh in [Greene's] favor.[5]

[5] We have set forth five equitable factors that courts must consider in passing upon a Rule 60(b)(6) motion, *Cox v. Horn*, 757 F.3d 113, 116, 124–26 (3d Cir. 2014), each of which the District Court analyzed in great detail, including: (1) the timeliness of Greene's Rule 60(b)(6) motion; (2) the merits underlying Greene's ineffective assistance of counsel claim; (3) the amount of time that elapsed between Greene's conviction and the commencement of habeas proceedings; (4) Greene's diligence in pursuing review of his claims; and (5) the gravity of Greene's sentence. *See* (App. 20–28.) Of these factors, the District Court found that the first, second, and fourth all weighed against granting relief, while the third and fifth factors were neutral and therefore did not support nor detract from Greene's claim. *Id*.

Beyond the five *Cox* factors, the District Court considered the following two additional equitable factors: (1) Greene's "aver[ment] that 'state and federal court orders and opinions over the past decade have—rightly or wrongly— protected institutional, procedural, and structural interests at the expense of [Greene's] ability to litigate the *Gray* claim[;]" and (2) Greene's "argu[ment] that irregularities in the trial and appellate process 'detract from the confidence [the District] Court should have in the verdict.'" *Id*. at 28–29. The District

10

(App. 13.) Concluding that "there may be room for debate on the issues" addressed in its Opinion, the District Court issued a certificate of appealability. (*Id.* at 30) This timely appeal followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.[6] We review the denial of a Rule 60(b) motion for

---

Court concluded that, on balance, "the *Cox* factors . . . weigh[ed] heavily against relief and [Greene's] additional proffered support [was] not enough to warrant 60(b) relief in this case." *Id*. at 29.

[6] Appellees argue here, as they did in the District Court, that we lack jurisdiction to consider Greene's Rule 60(b) motion, claiming that it is an impermissible second or successive habeas petition because it seeks to raise a claim not previously presented in the initial habeas proceedings, *i.e.*, Greene's IAAC claim, and Greene did not receive this Court's authorization to file a second habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). The District Court agreed with Appellees. Contrary to the District Court's view, Greene's Rule 60(b) motion, premised as it was upon *Martinez*, was not an impermissible second or successive habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Norris v. Brooks*, 794 F.3d 401, 403 n.2 (3d Cir. 2015) (holding that petitioner's Rule 60(b) motion invoking *Martinez* was not a successive habeas petition "because it 'merely asserted that a previous ruling which

abuse of discretion. *Cox*, 757 F.3d at 118 (citing *Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 342 (3d Cir. 2003)). "A district court abuses its discretion when it bases its decision upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." *Id*. (citing *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999)).

## III.

Greene must demonstrate "extraordinary circumstances" to obtain relief under Rule 60(b)(6).[7] *Cox*, 757 F.3d at 115. The "extraordinary circumstance" claimed by Greene is the holding in *Martinez*, decided after the judgment in his habeas proceedings concluded, which allowed a claim of

precluded a merits determination was in error'") (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005)) (internal brackets omitted).

[7] "Rule 60(b) authorizes a district court to grant a party relief from judgment for various specific reasons, as well as 'any other reason that justifies relief.'" *Norris*, 794 F.3d at 404 (quoting Fed. R. Civ. P. 60(b)(6)). Under this catch-all provision, "[r]elief is appropriate . . . only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Id*. (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). "Such circumstances," the Supreme Court has emphasized, "rarely occur in the habeas context," *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005), and "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997).

ineffectiveness of postconviction counsel to serve as "cause" to allow an otherwise procedurally defaulted claim to be heard in federal court.

Greene's IAAC claim was not properly presented to the state courts, and is thus deemed to be procedurally defaulted for purposes of federal habeas corpus review. "[A] federal court may not review federal claims that were procedurally defaulted in state court. . . ." *Davila*, 137 S. Ct. at 2064 (internal citation omitted). "A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show 'cause' to excuse his failure to comply with the state procedural rule and 'actual prejudice resulting from the alleged constitutional violation.'" *Id*. at 2064–65 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).[8] "To establish 'cause'—the element of the doctrine relevant in this case—the prisoner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Id*. (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

---

[8] A federal court may, in appropriate circumstances, invoke the "fundamental miscarriage of justice exception" to review an otherwise procedurally defaulted claim. *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013). This exception, however, is restricted "to a severely confined category[] of cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (internal brackets omitted). Because Greene has not proffered evidence of actual innocence, the fundamental miscarriage of justice exception is accordingly not at play here.

13

Greene asserts that the ineffectiveness of his PCRA counsel qualifies as "cause" for the procedural default of his IAAC claim.

At the time Greene's habeas proceedings concluded with the Supreme Court's ruling in 2011, it was well settled that ineffective assistance of post-conviction counsel could not qualify as "cause" to excuse a procedural default. *Coleman*, 501 U.S. at 755; *see also Sweger v. Chesney*, 294 F.3d 506, 522 n.16 (3d Cir. 2002) ("[T]here is no right to counsel for state post-conviction proceedings and, therefore, no claim of constitutionally ineffective assistance of counsel may be made."). In *Martinez*, however, the Supreme Court carved out a "narrow exception" to *Coleman*'s general rule that allows federal habeas courts to review procedurally defaulted claims of *trial* counsel ineffectiveness if the applicable state law requires that those claims be "raised in an initial-review collateral proceeding," rather than on direct appeal. 566 U.S. at 9, 17. Specifically, in *Martinez*, the petitioner attempted to argue on direct appeal that his trial counsel was ineffective, but was prohibited from doing so because Arizona law required such claims to be raised in a separate collateral proceeding. *Id*. at 6. Postconviction counsel subsequently failed to raise an ineffective-assistance claim during the collateral proceeding, thus causing a procedural default of the claim. *Id*. Had *Coleman* applied, counsel's failure in this regard would not have "excuse[d] the procedural default" of petitioner's ineffective-assistance claim because, under *Coleman*, "an attorney's errors in a postconviction proceeding do not qualify as cause for a default." *Id*. at 7–8 (citing *Coleman*, 501 U.S. at 754–55). In *Martinez*, the Court crafted an exception to this rule by holding that, in such a situation—*i.e.*, where state law prohibits convicted persons from alleging ineffective

14

assistance of trial counsel on direct review—"a procedural default will not bar a federal habeas court" from hearing the petitioner's ineffective assistance of trial counsel claim if the default is due to the subsequent ineffectiveness of postconviction counsel during the collateral proceeding. *Id.* at 17.

In his Rule 60(b)(6) motion, Greene relied upon *Martinez* to argue that PCRA counsel's failure to assert a claim of appellate counsel ineffectiveness constituted an "extraordinary circumstance" so as to warrant Rule 60(b)(6) relief. (Appellant's Br. at 37.) As support, Greene pointed to our decision in *Cox*, where we held that "*Martinez*, without more, does not entitle a habeas petitioner to Rule 60(b)(6) relief[,]" but that *Martinez* could support such a motion if other equitable considerations are present. 757 F.3d at 124–26.

Greene's reliance upon *Martinez*, however, is now foreclosed by *Davila*. There, the petitioner asked the Supreme Court to do precisely what Greene is asking us to do here, namely: "extend *Martinez* to allow a federal court to hear a substantial, but procedurally defaulted, claim of ineffective assistance of appellate counsel when a prisoner's state postconviction counsel provides ineffective assistance by failing to raise that claim." *Davila*, 137 S. Ct. at 2065. In declining to extend *Martinez* to claims of appellate counsel ineffectiveness, the Supreme Court explained that "[t]he Court in *Martinez* made clear that it exercised its equitable discretion in view of the unique importance of protecting a defendant's . . . right to effective assistance of *trial* counsel." *Id.* at 2066 (emphasis added). "[C]laims of ineffective assistance of appellate counsel," the Court opined, "*necessarily* must be heard in collateral proceedings, where counsel is not constitutionally guaranteed." *Id.* at 2068 (emphasis in

15

original). An ineffective counsel claim may be presented only where counsel is constitutionally guaranteed. *Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982) (holding that where there is no constitutional right to counsel, there can be no deprivation of effective assistance). Thus, Greene does not have a claim for ineffective assistance of his PCRA counsel in relation to his IAAC claim. Accordingly, *Davila* compels the conclusion that Greene cannot demonstrate "cause" to excuse the procedural default of his IAAC claim.

Thus, the state of the law with respect to Greene's procedural default of his IAAC claim remains the same today as when the default occurred: alleged ineffectiveness of PCRA counsel cannot overcome the consequence of the failure to present the IAAC claim to the state courts in the first instance. *See Coleman*, 501 U.S. at 755. Because the law remains unchanged as to Greene, he cannot demonstrate the requisite "extraordinary circumstances" to warrant setting aside the District Court's judgment in this case. Thus, the District Court correctly concluded in holding that *Martinez* did not afford Greene a right to relief here.[9]

IV.

For the foregoing reasons, we will affirm the District

---

[9] In light of our decision that *Davila* compels rejection of Greene's reliance upon the alleged ineffectiveness of his PCRA counsel as "cause" for the procedural default of his IAAC claim, there is no need to address the District Court's consideration of the equitable factors governing Rule 60(b)(6) motions.

16

Court's August 29, 2016, denial of Greene's Rule 60(b) motion.