CLD-275                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1791
_____

JEROME JUNIOR WASHINGTON,
                                                    Appellant

v.

LINK, SCI-Graterford Superintendent; PETTERS, III, SCI-Graterford,
SGT; VOORHEES, CO; STEPHENY, SCI-Graterford, Sgt., In their
individual capacities and official capacities under the United States
Penalty of Perjury; JOHN DOES 1.2. SGTS, SCI-Graterford Property
Officials sued in their individual capacities and Official Capacities
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-16-cv-03424)
District Judge:  Honorable Gerald A. McHugh
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B),
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 26, 2018

Before: CHAGARES, GREENAWAY, JR., and FUENTES, Circuit Judges

(Opinion filed: September 7, 2018)

_____

OPINION*
_____

PER CURIAM

Jerome Washington appeals from the District Court's order declining to reconsider its dismissal of his complaint. We will vacate and remand for further proceedings.

## I.

Washington is a Pennsylvania state prisoner. He filed this action pro se under 42 U.S.C. § 1983 against three prison officials at SCI-Graterford. He alleged that they wrongfully confiscated or destroyed items of his personal property, including hundreds of drawings that he made and an almost-finished novel spanning 160 pages. He alleged in an amended complaint that he "worked hard many nights and days and years" on these projects "for his family or loved ones to have something in life or loved ones to say my incarceration was not wasted." He further alleged that defendants confiscated or destroyed these materials in retaliation for his exercise of First Amendment rights and in violation of other constitutional guarantees.

Defendants filed a motion to dismiss Washington's complaint under Fed. R. Civ. P. 12(6). They argued, among other things, that Washington failed to allege that one defendant was personally involved in the confiscation and that, as to the other two

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

defendants, Washington failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. Although defendants did not frame their motion to dismiss in the alternative as one for summary judgment, they attached and relied on evidentiary material regarding exhaustion. The District Court, without converting defendants' motion into one for summary judgment, granted their motion to dismiss on the grounds referenced above by order entered January 26, 2018.

Washington's 28-day deadline for filing a motion for reconsideration under Fed. R. Civ. P. 59(e) expired on February 23, 2018, see Fed. R. Civ. P. 59(e), and his 30-day deadline for filing a notice of appeal expired on February 26, 2018 (February 25 being a Sunday), see Fed. R. App. P. 4(a)(1)(A), 26(a)(1)(C). Washington submitted to the District Court a document that was dated February 25 and postmarked February 26, and the District Court docketed it at ECF No. 26. That document consisted of (1) a motion for leave to file a motion for reconsideration out of time, and (2) the proposed motion for reconsideration. Washington did not provide any explanation for his motion's untimeliness, and the District Court did not address that issue. Instead, the District Court entered an order on March 29, 2018, that states in its entirety: "This 28th day of March, 2018, it is hereby **ORDERED** that Defendant's Motion for Reconsideration (ECF No. 26) is **DENIED**." Washington timely appeals from that order.

II.

3

Only the District Court's denial of reconsideration is properly before us as explained in the margin.[1] We review the denial of Rule 59(e) motions for reconsideration for abuse of discretion. See Long, 670 F.3d at 446 & n.20. To the extent that Washington's motion could be construed as a Rule 60(b) motion, we review the denial of Rule 60(b) motions for abuse of discretion as well. See Greene v. Superintendent Smithfield SCI, 882 F.3d 443, 448-49 (3d Cir. 2018).

In this case, however, the District Court did not explain the reasons for its exercise of discretion. Nor are those reasons readily apparent from the record. The District Court

---

[1] Washington's filing at ECF No. 26 would be timely if construed as a notice of appeal from the District Court's underlying order of dismissal. Washington, however, requested only reconsideration and did not mention an appeal or otherwise express any intention of appealing. Thus, Washington's filing cannot be construed as a notice of appeal. For the same reason, it cannot be construed as a motion for an extension of time to appeal under Fed. R. App. P. 4(a)(5). We construe it instead merely as a motion for reconsideration and for leave to file it out of time. That motion was untimely under Rule 59(e) and, even if the District Court excused its untimeliness, it did not toll the time to appeal whether construed as a motion under Rule 59(e) or 60(b). See Lizardo v. United States, 619 F.3d 273, 278 (3d Cir. 2010); Fed. R. App. P. 4(a)(4)(A). For the same reason, Washington's appeal from the denial of reconsideration does not bring up for review the District Court's underlying order of dismissal. See Long v. Atl. City Police Dep't, 670 F.3d 436, 446 & n.20 (3d Cir. 2012).

The untimeliness of Washington's motion under Rule 59(e), however, did not deprive the District Court of jurisdiction to rule on it because the Rule 59(e) deadline is merely a claim-processing rule. See Lizardo, 619 F.3d at 277. Such rules may be forfeited if the opposing party does not object, and defendants did not object in this case. See id. at 278. Smith's motion also could be construed as a Rule 60(b) motion because it is untimely under Rule 59(e). See Walker v. Astrue, 593 F.3d 274, 279 (3d Cir. 2010). Thus, the District Court had jurisdiction to rule on Smith's motion for reconsideration, and we have jurisdiction over his challenge to that ruling. See Baker v. United States, 670 F.3d 448, 462 (3d Cir. 2012); Long, 670 F.3d at 446 & n.19.

could, for example, have denied reconsideration as untimely to the extent that the District Court might have construed his motion as one under Rule 59(e). See Baker, 670 F.3d at 462. But the District Court did not address Washington's request to file a motion for reconsideration out of time and instead simply denied reconsideration, which suggests that the District Court may have denied reconsideration on the merits. In any event, without any explanation by the District Court, we have no way of assessing the District Court's exercise of discretion. Thus, we will vacate the order denying reconsideration and remand for further proceedings.

In that regard, we have some concerns about the underlying order of dismissal that Washington asked the District Court to reconsider. We will note four of them. First, the District Court considered what it deemed the defendants' "indisputably authentic" documents at the Rule 12(b)(6) stage without converting defendants' motion into one for summary judgment. District Courts may indeed consider "indisputably authentic" documents at the Rule 12(b)(6) stage, Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004), but some of the documents on which the District Court relied are not of that kind. The District Court, for example, relied on a declaration and accompanying screen-shots regarding Washington's grievance history. These kinds of documents are not indisputably authentic for Rule 12(b)(6) purposes. Indeed, these kinds of documents are not conclusive even at the summary judgment stage if they are controverted by other evidence because "it is not unheard of for a grievance form to be lost." Paladino v. Newsome, 885 F.3d 203, 210 (3d Cir. 2018).

5

Second, the District Court appears to have gone a step further and affirmatively found facts at the Rule 12(b)(6) stage. In their motion to dismiss, defendants relied on Small v. Camden County, 728 F.3d 265 (3d Cir. 2013), and argued that "[t]his Court is the fact-finder to resolve conflicting evidence" regarding exhaustion. (ECF No. 17 at 9-10.) The District Court appears to have accepted defendants' invitation to find facts because it too cited Small and went on to write that "I am persuaded by the authenticity of the documentation presented." (ECF No. 24 at 3.)

The District Court's reliance on Small was misplaced. In that case, we held that District Judges may hold evidentiary hearings and resolve factual disputes regarding exhaustion without the participation of a jury. See Small, 728 F.3d at 270-71. Such fact-finding, however, is necessary and appropriate only if summary judgment on the issue of exhaustion is not warranted. See Paladino, 885 F.3d at 210; Small, 728 F.3d at 267-68. And if summary judgment on the issue of exhaustion is not warranted, then dismissal under Rule 12(b)(6) for failure to exhaust is not warranted either. Thus, Small provides no support for fact-finding on that issue at the Rule 12(b)(6) stage.

Third, in analyzing the issue of exhaustion, the District Court focused largely on defendants' arguments that they confiscated Washington's property following misconduct charges and that Washington failed to exhaust a challenge to the misconduct proceedings. Washington, however, appears to allege that defendants confiscated his property on occasions and for reasons unrelated to his misconduct proceedings. Indeed,

6

he argued in his motion for reconsideration that the misconduct charges are irrelevant to his claims. The District Court did not address that issue.

Finally, the District Court relied on the "explicit textual source" doctrine set forth in Albright v. Oliver, 510 U.S. 266 (1994), in treating all of Washington's claims as claims that defendants violated his Fourteenth Amendment right to procedural due process. Albright holds that, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." Bruni v. City of Pittsburgh, 824 F.3d 353, 374-75 (3d Cir. 2016) (quoting Albright, 510 U.S. at 273).

In this case, Washington asserted several constitutional claims, including that defendants confiscated or destroyed his property in retaliation for his exercise of First Amendment rights. Thus, the First Amendment provides the "explicit textual source" for that claim, and Albright does not support its treatment as a procedural due process claim instead. Cf. id. at 374-75 (applying "explicit textual source" doctrine to affirm dismissal of substantive due process claim in favor of First Amendment claims based on alleged violations of the First Amendment).

For present purposes, we merely note these concerns with the District Court's underlying order dismissing Washington's complaint. We do not hold that they would require us to vacate that order if we were reviewing it directly. Nor do we hold that the District Court is necessarily required to address all of these issues on remand. Instead,

we are remanding solely for the District Court to address Washington's motion at ECF No. 26 again and, if it again concludes that reconsideration is not warranted, to explain its reasons for that conclusion.

## III.

For these reasons, we will vacate the judgment of the District Court and remand for further proceedings.