Marino RAMOS, Plaintiff, Appellant,

v.

Jo Anne BARNHART, Commissioner,
Social Security Administration,
Defendant, Appellee.

No. 03–2079.

United States Court of Appeals,
First Circuit.

July 9, 2004.

Raymond J. Kelly, on brief, for appellant.

Thomas P. Colantuono, United States Attorney, Lisa De Soto, General Counsel, Robert J. Triba, Chief Counsel, Maria A. Machin, Assistant Regional Counsel, and David L. Broderick, Assistant U.S. Attorney, on brief, for appellee.

Before BOUDIN, Chief Judge,
TORRUELLA and LIPEZ, Circuit
Judges.

PER CURIAM.

Appellant Marino Ramos applied for Social Security disability benefits, and the Commissioner of Social Security rejected his application, concluding, at step 2 of the sequential evaluation process, that appellant did not suffer from a severe somatoform disorder and therefore could perform his past work. In reaching this result, the administrative law judge (ALJ) who had considered appellant's application relied upon the report of a consultative clinical psychologist, Dr. Francis Warman; the ALJ read the report as stating that appellant did not meet the criteria for a somatoform disorder. The district court affirmed the Commissioner's decision.

On appeal, we held that the ALJ's step 2 determination was not supported by substantial evidence because nothing in the record contradicted the diagnosis of a severe somatoform disorder. *Ramos v.*

*Barnhart,* No. 02–1687, 2003 WL 1411959 (1st Cir. March 21, 2003) (per curiam). In particular, we pointed out that the ALJ had *misread* Dr. Warman's report. That is, Dr. Warman had opined that appellant did not meet all of the criteria for a *"somatization"* disorder, which is one *kind* of somatoform disorder. We therefore remanded for further proceedings.

Appellant then filed an application for attorney's fees in the district court under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). This section provides, in relevant part, that "a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified." The district court decided that the government's position had been "substantially justified" and denied appellant's application.

We review the district court's decision regarding substantial justification for abuse of discretion. *See Schock v. United States,* 254 F.3d 1, 4 (1st Cir.2001). It is the government's burden to demonstrate that its position was "substantially justified" both during the agency proceedings and in the litigation following the action (or inaction) of the agency. *Id.* at 5. Based on the following, we find that the denial of EAJA fees here was not an abuse of discretion.

As the district court points out, appellant failed to clarify the definitions of somatoform and somatization disorders until the appeal of that court's decision affirming the denial of benefits. Indeed, until the prior appeal, appellant himself had used the terms "somatoform" and "somatization" interchangeably. Appellant also did not raise, until the prior appeal, the fact that the ALJ had misread Dr. Warman's report. Under these circumstances, we think that appellant's delay in raising crucial issues is relevant to the question whether the government's position was reasonable.

Appellant's omissions contributed to the confusion about the nature of the various diagnoses he had received. Further, it was *appellant's* burden, at step 2, to demonstrate that his somatoform disorder was severe. Given this, it would be difficult to conclude that the government was unreasonable in failing to respond to arguments appellant never had raised. We therefore agree with the district court that the government's position was substantially justified.

The judgment of the district court is *affirmed.*