**Lawrence WALKER, Appellant**

v.

**Michael J. ASTRUE, Commissioner of Social Security, (Pursuant to Rule 43(c), F.R.A.P.).**

**Jeffrey R. Garris, Appellant**

v.

**Michael J. Astrue, Commissioner of Social Security (Pursuant to Rule 43(c), F.R.A.P.).**

**Nos. 08–1446, 08–1447.**

United States Court of Appeals, Third Circuit.

Argued Oct. 28, 2009.

Filed Feb. 2, 2010.

Zenford A. Mitchell (Argued), Pittsburgh, PA, for Appellants.

Shawn C. Carver, Robert W. Kosman (Argued), Social Security Administration, Philadelphia, PA, for Appellee.

Before SMITH, FISHER and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

This case presents a question of first impression in the Third Circuit and one that has divided our sister courts of appeals: what filing deadline under the Federal Rules of Civil Procedure governs a petition for attorney fees under Section 406(b) of the Social Security Act when a case is remanded under sentence four of Section 405(g) for a determination of benefits? The Fifth and Eleventh Circuits have held that Rule 54(d)(2)'s fourteen-day filing deadline applies, *see Bergen v. Taylor*, 454 F.3d 1273, 1277 (11th Cir.2006); *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir.2006), while the Tenth Circuit uses the more amorphous "reasonable time" standard under Rule 60(b), *see McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). The District Court *sua sponte* dismissed Counsel's petitions, holding that, under either rule, Counsel's request was untimely. We now join the Fifth and Eleventh Circuits in holding that Rule 54(d)(2) is the appropriate standard, subject to tolling until counsel's notification of an award of benefits on remand. Accordingly, we will reverse the District Court's dismissal and remand to give Counsel an opportunity to present evidence of his notification of the award.

### I.

The relevant facts of these two appeals are virtually identical. Attorney Zenford A. Mitchell ("Counsel") filed Social Security appeals on behalf of two clients, Law-

rence Walker ("Walker") and Jeffrey Garris ("Garris") under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. Both Walker and Garris were denied benefits by an Administrative Law Judge and were denied review by the Appeals Counsel. Both sought review in the United States District Court for the Western District of Pennsylvania. Walker's case was remanded by the District Court pursuant to sentence four of 42 U.S.C. § 405(g) on May 1, 2002, while Garris's case was remanded pursuant to the same statute on October 20, 2003.[1] In connection with each remand, Counsel sought and received a partial award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

On administrative remand, both Walker and Garris were successful in demonstrating that they were disabled within the meaning of the Social Security Act and therefore entitled to disability benefits. The Commissioner issued her Notice of Award finding Walker disabled on February 25, 2004, and finding Garris disabled on August 27, 2004. The Notices of Award contained both the valuation of past-due benefits to the plaintiff as well as notification of the twenty-five percent of past-due benefits to be withheld pending approval of any attorney fees.

It is here the parties' agreement on the facts ends. The Social Security Administration claims it sent Counsel a copy of the Notice of Award in Walker's case on June 27, 2004. Counsel alleges he was not informed of Walker's award until he received a phone call from a Social Security Administration representative on June 26, 2007. In the Garris case, the Social Security

---

1. The fourth sentence of § 405(g) reads, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remands issued under this authority are referred to as "sentence four" remands.

Administration claims Counsel was sent a copy of the Notice of Award on February 2, 2005. Again, Counsel contends he was notified of the award for the first time by phone on December 1, 2006.

Counsel filed a motion for attorney fees under § 406(b) of the Social Security Act in the District Court on February 7, 2007, in the Garris case and on October 17, 2007, in the Walker case.[2] The District Court *sua sponte* dismissed both motions as untimely on January 29, 2008. This timely appeal followed.

## II.

The District Court had subject matter jurisdiction over the underlying Social Security actions pursuant to 42 U.S.C. § 405(g) and jurisdiction over the attorney fees motions pursuant to 42 U.S.C. § 406(b). We have jurisdiction to review the District Court's order under 28 U.S.C. § 1291.

■ We apply an abuse of discretion standard when reviewing the District Court's denial of a petition for fees. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 299 (3d Cir.2005). However, where the District Court bases its denial on an application of law, our review is plenary. *Cf. McKenna v. City of Philadelphia*, 582 F.3d 447, 460 (3d Cir.2009).

## III.

The provision of the Social Security Act providing for attorney fees reads in relevant part:

Whenever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.
...

42 U.S.C. § 406(b)(1)(A) ("Section 406(b)"). Section 406(b) does not contain any explicit time limit for requesting fees.[3]

The Fifth and Eleventh Circuits have held that counsel seeking fees under § 406(b) must do so pursuant to Federal Rule of Civil Procedure 54(d)(2). *See Bergen v. Taylor*, 454 F.3d at 1277 ("We agree with the Fifth Circuit that Fed.R.Civ.P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Pierce v. Barnhart*, 440 F.3d at 663 (applying Rule 54(d)(2) to a § 406(b) claim). Rule 54(d) provides that a motion for attorney fees must "be filed no later than 14 days after the entry of judgment," unless otherwise provided by court order or statute. Fed.R.Civ.P. 54(d)(2)(B)(i).

In *Pierce*, the initial two § 406(b) fee petitions were filed twenty and thirty days after the remand, but before the claimants had been awarded benefits by the ALJ pursuant to the review required by the remand order. 440 F.3d at 664. The petitions were dismissed as premature because the value of the award was not yet known. *Id.* When the § 406(b) petitions were refiled after the award of benefits, they were

---

**2.** Counsel originally sought $12,399.75 in fees for his representation of Walker, and $15,558.00 in fees for his representation of Garris. He received administrative approval for $7,000 in the Walker case on October 4, 2007, and represented at arguments that he was paid this amount. Counsel's motion to the District Court therefore sought the balance—$5,399.75—in the Walker case. Counsel's motion in the Garris case seeks the full fee of $15,558.00.

**3.** The Commissioner "takes no position on what, if any, time period applies to the filing of a motion for fees under Section 406(b)." (Comm. Br. 21 n. 10). Therefore, we need not give deference to his interpretation of the filing requirements of the Social Security Act.

dismissed as untimely because they were filed over sixteen months after the entry of the remand orders. *Id.* On appeal, the Fifth Circuit held that the district court had abused its discretion in dismissing the petitions. *Id.* It reasoned that Rule 54(d)(2) permitted revision of the fourteen-day filing deadline by order of the court. *See* Fed.R.Civ.P. 54(d)(2)(B) (providing for a fourteen-day period for filing for attorney fees "[u]nless otherwise provided by statute or order of the court"). Because the fee petition could not be filed until the ALJ issued the award, the court held that the district court should have extended the time to file the petition pursuant to its Rule 54 authority. 440 F.3d at 664.

In *Bergen,* the district court also dismissed a § 406(b) fee petition as untimely under Rule 54(d)(2). On appeal, the Eleventh Circuit reversed. 454 F.3d at 1277–78. The court held that Rule 54(d)(2) was the correct standard, but because the Commissioner had not objected to the timeliness of the petition, it declined to decide when the fourteen-day period for filing the petition began. *Id.* This opinion vacated and superseded an earlier opinion in the proceedings which held that the fourteen-day period ran from the day the award notice was issued. *See Bergen v. Comm'r of Social Sec.,* 444 F.3d 1281, 1286 *vacated and superseded,* 454 F.3d 1273 (11th Cir.2006).

The Tenth Circuit endorsed a different approach in *McGraw v. Barnhart,* 450 F.3d at 505. The district court in *McGraw* assessed the timeliness of a fee petition under Rule 54(d)(2). On appeal, the Tenth Circuit held that a petition for fees under § 406(b) should be filed under Rule 60(b)(6), which permits the court on motion to "relieve a party or its legal representative from a final judgment, order, or proceeding" for enumerated reasons, including "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). The court reasoned that, although Rule 60(b)(6) is "extraordinary and reserved for exceptional circumstances ... the rule should be liberally construed when substantial justice will thus be served." 450 F.3d at 505. Under Rule 60(b)(6), a petition for fees under § 406(b) "should be filed within a reasonable time of the Commissioner's decision awarding benefits" and is "committed to the district court's sound discretion." *Id.*

■ The confusion in the courts of appeals undoubtedly stems from the imperfect fit of either approach. The problem the courts faced in *Pierce* and *Bergen* is that a strict application of Rule 54(d)(2)'s fourteen-day filing deadline is impossible where a court remands under § 406(b) for administrative determination of benefits. By its terms, § 406(b) conditions the right to fees on the award of benefits and caps those fees at twenty-five percent of the awarded benefits. Thus a court cannot determine whether a right to a fee award exists and what the value of that fee award should be until the administrative remand proceeding is complete and the amount of benefits is fixed. However, a remand under 42 U.S.C. § 405(g) would rarely, if ever, be completed within fourteen days of the remand order.[4] Therefore, a timely Rule 54(d)(2) motion for fees, filed within fourteen days of the remand order, is necessarily premature; and a similar motion filed after the administrative determination of benefits is most likely untimely.

---

**4.** The district court judgment ordering a sentence four remand is a final order for purposes of running filing deadlines. *See Shalala v. Schaefer,* 509 U.S. 292, 299, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (holding "a sentence-four remand order terminates the civil action seeking judicial review of the Secretary's final decision" and runs the filing deadline for attorney fees under the EAJA (quotation marks and brackets omitted)).

Although the Tenth Circuit's approach rectifies the conflict between the Rule 54(d)(2) filing deadlines and the realities of administrative remand, *McGraw* finds little support in the law. The only authority *McGraw* cites for the application of a "reasonable time" standard to § 406(b) fee requests is the Seventh Circuit decision in *Smith v. Bowen*, 815 F.2d 1152 (7th Cir. 1987), where the court held "a petition for fees under § 406(b)(1) must be brought within a reasonable time." *Id.* at 1156. *McGraw* does not acknowledge, however, that *Smith* based its reasoning on the pre–1993 amendment language of Rule 54, which contained no time limit for filing and which courts interpreted to contain "an implicit requirement of reasonableness." *Smith*, 815 F.2d at 1156. *Smith* is therefore not good law under the amended Federal Rules of Civil Procedure, which incorporated a fourteen day filing deadline. *See* Fed.R.Civ.P. 54(d)(2)(B)(i) (a motion for attorney fees must "be filed no later than 14 days after the entry of judgment").

■ *McGraw* also conflicts in principle with Supreme Court jurisprudence that instructs that a post-judgment motion for attorney fees is not properly asserted as a motion to amend or alter judgment. *See White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). In *White*, the Supreme Court held that "a request for attorney's fees ... raises legal issues collateral to the main cause of action—issues to which Rule 59(e) was never intended to apply." *Id.; see also United States v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 208–09 (3d Cir. 2000). The Supreme Court has thus been

clear that Rule 59(e) should not be used to seek attorney fees.

■ Rule 60(b), like Rule 59(e), is a mechanism for relief from judgment. Although the Rules contain different filing deadlines, they are substantively interchangeable, and we have held that an untimely Rule 59(e) motion should be construed as a Rule 60(b) motion. *See, e.g., Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir.2002) (treating an untimely Rule 59(e) as a Rule 60(b) motion when it presented grounds cognizable under Rule 60). For this reason, we believe that Rule 60(b) is an inappropriate vehicle for fee petitions for the same reasons as those stated in *White*—the fee petition is a "legal issue[ ] collateral to the main cause of action" and cannot be construed as a request for relief from judgment.[5] *White*, 455 U.S. at 451, 102 S.Ct. 1162; *see also Bentley v. Comm'r of Social Sec.*, 524 F.Supp.2d 921, 922 (W.D.Mich.2007) ("A § 406(b) motion for attorney's fees cannot be viewed as a motion for relief from judgment without straining the meaning and purpose of a motion for relief from judgment under Rule 60.").

Left only with the application of Rule 54(d)(2), we must reconcile its requirements with the demands of § 406(b) so as to prevent the absurd outcome inherent in applying a deadline that cannot be met. The solution lies in the doctrine of equitable tolling. Although the procedural requirements established by Congress should not be lightly disregarded, we have held that the tolling of filing deadlines is appropriate where "principles of equity would make the rigid application of a limitation period unfair." *Miller v. N.J. Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir.1998)

---

5. In so holding, we acknowledge that there are instances when attorney fees are awarded as part of the original judgment. In such cases, counsel may appropriately seek to modify them via Rule 60(b). *See, e.g., Flowers v. S. Reg'l Physician Servs., Inc.*, 286 F.3d 798 (5th Cir.2002); *Straw v. Bowen*, 866 F.2d 1167 (9th Cir.1989).

(alterations omitted). This is clearly such a case. Where the valuation of benefits necessary to award attorney fees is not completed until after the deadline for requesting those fees has expired, a strict application of that deadline works a patent injustice and undermines Congress' purpose in providing for fees in the first place. *See Bergen,* 454 F.3d at 1277 (noting that Congress amended the Social Security Act to provide fees "to encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees directly through certification by the Secretary").

■ Accordingly, we will join the Fifth and Eleventh Circuits in holding that Rule 54(d)(2) is the appropriate avenue through which counsel can seek attorney fees following a § 406(b) administrative remand. We further hold that the application of the filing deadline is tolled until the notice of award is issued by the Commissioner and counsel is notified of that award.[6] Counsel will have fourteen days from notification of the notice of award to file a fee petition in the district court. This holding does not alter the authority of the district court to expand that filing deadline at the request of the parties. *See* Fed.R.Civ.P. 54(d)(2)(B) (providing for a fourteen-day period for filing for attorney fees "[u]nless otherwise provided by ... order of the court").

Because the District Court dismissed Counsel's motions *sua sponte,* the parties did not present and the Court did not consider evidence related to the date on which Counsel was notified of the award. Accordingly, we will vacate the District Court's dismissal and remand for consideration of the appropriate date to which the Rule 54(d)(2) filing deadline should be tolled.

### IV.

For the foregoing reasons, we will vacate the District Court's dismissal of Counsel's motions for attorney fees and remand to the District Court for proceedings consistent with this opinion.

---

**6.** The Commissioner conceded at arguments that no rule or procedure governs notification of counsel when a benefit award has been determined. In these cases, the Commissioner alleges that Counsel was notified four and five months after the date of the Notice of Award in the respective cases. Accordingly, a rule that tolls the filing deadline only to the award date, as opposed to the date of notification of counsel, would be similarly ineffective.