18-2044-cv
*Sinkler v. Berryhill*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2018

No. 18-2044-cv

LAKISHA JANEY SINKLER,
*Plaintiff-Appellant*,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,
*Defendant-Appellee*.

On Appeal from the United States District Court
for the Western District of New York

ARGUED: JUNE 19, 2019
DECIDED: AUGUST 2, 2019

Before: CABRANES, RAGGI, and DRONEY, *Circuit Judges*.

On appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*) denying a successful Social Security claimant's 42 U.S.C. § 406(b) application for attorney's fees as untimely, appellant challenges the application of the fourteen-day filing period prescribed by Fed. R. Civ. P. 54(d)(2)(B) to § 406(b) attorney's fee motions.

AFFIRMED.

———

MELISSA A. PALMER (Howard D. Olinsky, Olinsky Law Group, *on the brief*), *for Plaintiff-Appellant*.

HEETANO SHAMSOONDAR, for James P. Kennedy, Jr., United States Attorney, Western District of New York, *for Defendant-Appellee.*

———

REENA RAGGI, *Circuit Judge*:

Appellant Lakisha Janey Sinkler, who successfully litigated her claim to supplemental Social Security income, now appeals from a judgment of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Judge*), denying as untimely her application for attorney's fees pursuant to 42 U.S.C. § 406(b). *See Sinkler v. Berryhill*, 305 F. Supp. 3d 448, 453–59 (W.D.N.Y. 2018), *reconsideration denied* 317 F. Supp. 3d 687 (W.D.N.Y. 2018).

2

*S*pecifically, Sinkler challenges the district court's application of Fed. R. Civ. P. 54(d)(2)(B)'s fourteen-day filing period to her fee application, arguing in favor of an unspecified "reasonable" period pursuant to Fed. R. Civ. P. 60(b). Our sister circuits are divided on the question of which of these two rules of procedure properly determines the timeliness of § 406(b) fee applications. *Compare Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010) (applying Rule 54), *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006) (same), *and Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (same), *with McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) (applying Rule 60(b)). Today, we join those circuits applying Rule 54. In doing so, we recognize that the rule's fourteen-day filing period is subject to equitable tolling. *See Walker v. Astrue*, 593 F.3d at 280. Where, as here, a Social Security claimant secures a judgment reversing a denial of benefits and remanding for further proceedings, the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award. That is because the benefits award amount is necessary to identify the maximum attorney's fee that may be awarded under § 406(b).

Sinkler's § 406(b) fee application having been filed well beyond the fourteen days prescribed by Rule 54(d)(2)(B), even when so tolled, we affirm the judgment denying Sinkler's attorney's fee application as untimely. No different conclusion would obtain even on reasonableness review because Sinkler fails to come forward with a factual basis for deeming her six-month filing delay reasonable.

3

## I. Background

On August 8, 2014, Sinkler initiated this action for judicial review of a decision of the Social Security Administration ("SSA") denying her application for supplemental social security income. On June 2, 2015, the district court entered a "sentence four" final judgment in her favor, reversing the denial of benefits and remanding the case for further proceedings. *See* 42 U.S.C. § 405(g).[1] On remand, an Administrative Law Judge ruled, in a decision dated November 7, 2016, that Sinkler was entitled to supplemental social security income. Approximately six weeks later, on December 28, 2016, the Commissioner of Social Security ("Commissioner") issued a letter advising Sinkler of her entitlement to $67,404 in past-due benefits. Sinkler's counsel received this letter on January 3, 2017.

Not until six months later, however, on July 6, 2017, did Sinkler apply to the district court for attorney's fees, requesting the statutory maximum of 25% of the past-due benefits award, or $16,851. *See id.* § 406(b).[2] The district court denied the motion as untimely, holding

---

[1] "Sentence four" of § 405(g) empowers a court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Raitport v. Callahan*, 183 F.3d 101, 103–04 (2d Cir. 1999) (distinguishing sentence four remand from sentence six remand, under which court retains jurisdiction).

[2] Section 406(b) states in pertinent part as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment

4

that (1) Sinkler's application was outside the fourteen-day limitations period prescribed by Fed. R. Civ. P. 54[3]; and, in any event, (2) Sinkler's delay in seeking fees was unreasonable. *See Sinkler v. Berryhill*, 305 F. Supp. 3d at 453–59. Upon denial of reconsideration, *see Sinkler v. Berryhill*, 317 F. Supp. 3d at 687, this timely appeal followed.

## II. Discussion

While we review the denial of an attorney's fee award deferentially for abuse of discretion, we consider underlying questions of law *de novo*. *See Fresno Cty. Empls.' Ret. Ass'n v. Isaacson/Weaver Family Tr.*, 925 F.3d 63, 67 (2d Cir. 2019). Because this appeal turns on the legal interpretation of § 406(b) and Rule 54, our review is *de novo*.

### A. Rule 54(d)(2)(B) Prescribes the Filing Time for § 406(b) Motions

As the text quoted *supra* at note 2 indicates, § 406(b) authorizes a court that enters a judgment favorable to a social security claimant to award, "as part of its judgment," a reasonable fee for counsel's

> a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner . . . may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

[3] The Rule states in pertinent part: "Unless a statute or a court order provides otherwise, [a motion for attorney's fees] must: (i) be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B).

representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled "by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002) (observing that provision protects against "inordinately large fees" and affords "independent check" that fee agreements "yield reasonable results"). That section further authorizes the Commissioner to certify for such a court-awarded fee to be paid out of a past-due benefits award. *See* 42 U.S.C. § 406(b)(1)(A); 20 C.F.R. § 404.1728(b).[4]

Where, as here, a district court judgment reverses a denial of benefits to a claimant and remands for further agency consideration of benefits, the parties—as well as the seven of our sister circuits to have considered the question—agree that the district court may await conclusion of the remand proceedings to consider a § 406(b) attorney's fee application. *See Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d at 1276–77 (11th Cir. 2006); *McGraw v. Barnhart*, 450 F.3d at 501–502 (10th Cir. 2006); *Smith v. Bowen*, 815 F.2d 1152, 1155 (7th Cir. 1987); *Fenix v. Finch*, 436 F.2d 831, 835 (8th Cir. 1971); *Philpott v. Gardner*, 403 F.2d 774, 775 (6th Cir.

---

[4] Section 406(a) separately authorizes the Commissioner to award fees for an attorney's representation *before the Commissioner*. *See* 42 U.S.C. § 406(a); 20 C.F.R. §§ 404.1720, 404.1725. Those fees are also capped at 25% of past-due benefits, although the "aggregate amount of fees for both stages of representation" is not so capped. *Culbertson v. Berryhill*, 139 S. Ct. 517, 519 (2019). In practice, the SSA "withholds a single pool of 25% of past-due benefits for direct payment of agency and court fees." *Id*. at 523. It will withhold that percentage of benefits until the court decides any pending motion for attorney's fees. *See* SSA, Program Operations Manual System, GN 03930.091.

1968); *Connor v. Gardner*, 381 F.2d 497, 500 (4th Cir. 1967). We also reach that conclusion.

The issue raised on this appeal is whether Fed. R. Civ. P. 54 can sensibly be applied to § 406(b) attorney's fee applications in such circumstances. As indicated *supra* at note 3, Rule 54 requires a motion for attorney's fees to be made within fourteen days of "judgment," defined to include "any order from which an appeal lies." Fed. R. Civ. P. 54(a), (d)(2)(B)(i). A "sentence four" remand is a final and appealable judgment. *See Forney v. Apfel*, 524 U.S. 266, 270–71 (1998) (holding sentence four remand appealable by either party); *accord Mead v. Reliastar Life Ins. Co.*, 768 F.3d 102, 115 (2d Cir. 2014) (observing that appealability of sentence four remand is exception to "generally accepted rule that remand orders are interlocutory"). As such, it is presumptively subject to the fourteen-day filing limitation of Rule 54(d)(2)(B). *Cf. Shalala v. Schaefer*, 509 U.S. 292, 296–97 (1993) (holding sentence four remand is "judgment" triggering limitations period for attorney's fee motion under Equal Access to Justice Act, 28 U.S.C. § 2412). Nevertheless, a practical problem arises with filing a motion within that time: the Commissioner typically does not calculate the amount of past-due benefits until months after the district court remands, and § 406(b) caps attorney's fees at 25% of the benefits award. Thus, where a sentence four judgment orders remand, Rule 54(d)(2)(B) may present "a deadline that cannot be met" within fourteen days of that judgment. *Walker v. Astrue*, 593 F.3d at 280.

In addressing this dilemma, our sister circuits have not agreed on a solution. The Tenth Circuit eschews the application of Rule 54 in this context. *See McGraw v. Barnhart*, 450 F.3d at 504. Instead, it derives a "reasonableness" standard from language in Fed. R. Civ. P. 60 permitting a court to relieve a party from a "final judgment, order, or proceeding" for "any [] reason that justifies relief" upon a motion "made within a reasonable time." Fed. R. Civ. P. 60(b)(6), (c)(1). The Tenth Circuit explains that Rule 60's "grand reservoir of equitable power to do justice" provides the "best option" for addressing the practicalities of sentence four judgments ordering remand and, thus, it holds that a motion for attorney's fees pursuant to § 406(b) is timely if filed "within a reasonable time of the Commissioner's decision awarding benefits." *McGraw v. Barnhart*, 450 F.3d at 504–05 (internal quotation marks omitted).

By contrast, the Third Circuit concludes that Rule 54 applies to § 406(b) applications following sentence four remands. It observes that there is "little support" in law for using Rule 60 to determine the timeliness of such applications. *Walker v. Astrue*, 593 F.3d at 279. Indeed, such reliance appears to "conflict[] in principle with Supreme Court jurisprudence that instructs that a post-judgment motion for attorney fees is not properly asserted as a motion to amend or alter judgment." *Id.* (citing *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982) (holding attorney's fees request inappropriate under Fed. R. Civ. P. 59(e))). Mindful nevertheless that a rigid application of Rule 54 to § 406(b) applications following sentence four remand judgments can produce "injustice," the Third Circuit avoids that concern by

8

tolling the rule's filing deadline "until the notice of award is issued by the Commissioner" on remand, "and counsel is notified of that award." *Id.* at 280. In short, once a successful claimant receives notice of the Commissioner's award on remand, he would have the fourteen days afforded by Rule 54(d)(2)(B) to file a § 406(b) motion for attorney's fees. The Eleventh and Fifth Circuits had earlier reached similar conclusions about the application of Rule 54 to § 406(b). *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d at 1277 & n.1; *Pierce v. Barnhart*, 440 F.3d at 663–64.

With due consideration to the views of our sister circuits, we conclude, largely for the reasons stated by the Third Circuit, that Rule 54(d)(2)(B) provides the applicable limitations period for filing § 406(b) motions. The tolling of *that* rule, rather than the application of Rule 60(b)(6), best resolves the practical concerns that can arise when a district court judgment reverses a denial of social security benefits and remands the case to the agency for further proceedings. This comports with our own precedent, which recognizes that "[s]tatutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for her lateness in filing." *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011) (internal quotation marks omitted) (tolling statute of limitations while plaintiff exhausts administrative remedies); *see generally Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019) (recognizing that time limitation in Federal Rule of Civil or Appellate Procedure may be tolled when, as here, "pertinent rule or rules invoked" do not show "clear intent to preclude tolling"). That principle sensibly

9

applies to Rule 54(d)(2)(B)'s limitations period because parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award. Once counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed—there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing, just as it would apply to any other final or appealable judgment.

In urging otherwise, Sinkler argues that "the Social Security Administration's own policies and procedures" make such a tolling solution unworkable. Appellant Br. at 10. She observes that a claimant has 60 days to appeal the Commissioner's calculation of past-due benefits, which administrative appeal can result in an adjustment of benefits. *See* 20 C.F.R. §§ 404.909, 416.1409. Sinkler further asserts that, after issuing a notice of award, the agency may still amend it downward to offset any Workers Compensation benefits received by the claimant, or upward to provide benefits to a claimant's dependents. *See Hopkins v. Cohen*, 390 U.S. 530, 534–35 (1968) (discussing fees awarded based on benefits to claimants and dependents).

The argument fails to persuade for several reasons. First, Sinkler has not shown that the posited scenarios could not occur even if a claimant were afforded a "reasonable" time after a benefits determination on remand to file a § 406(b) fee application. Second, Sinkler does not claim that, upon an agency adjustment of an initial

10

benefits award, a district court would not entertain a motion to adjust attorney's fees awarded on the basis of the original benefits calculation. Certainly, the agency contemplates modifications to its own attorney's fee awards in those circumstances. *See* SSA, Program Operations Manual System, GN 03940.035 (stating procedure for adjusting attorney's fee authorized by Commissioner following award of auxiliary benefits); GN 03920.040 (same following administrative decrease in benefits award); GN 03920.051 (stating policy for recovering excess attorney's fee payment). Further, in January 2019, the District Court for the Western District of New York amended its local rules specifically to advise parties that it would entertain motions to adjust § 406(b) awards in light of changed circumstances pursuant to Rule 60(b). *See* W.D.N.Y. Loc. R. 5.5(g)(1) ("Should information come to the attention of either party after the entry of an order approving fees under 42 U.S.C. § 406(b) suggesting that the information used to calculate the appropriate fee was incorrect or incomplete, a motion may be brought under Rule 60(b)(1), (2), or (6) of the Federal Rules of Civil Procedure seeking a correction of the fee approved."). Thus, we are not persuaded that parties who secure sentence four remand judgments in the district court will be prejudiced by having to file § 406(b) motions for attorney's fees within the fourteen-day period specified in Rule 54(d)(2)(B) as long as that

11

period is tolled until a benefits calculation is made on remand and notice thereof received by the parties.[5]

Sinkler further argues that application of Rule 54(d)(2)(B)'s fourteen-day limitations period is at odds with the SSA's own regulation affording parties 60 days after a benefits award to request approval of fees and direct payment from past-due benefits. *See* 20 C.F.R. § 404.1730(c). It is not clear whether this regulation applies only to fees for administrative representation under § 406(a), or also to fees for court representation under § 406(b). *Compare id.* § 404.1730(a) (referencing "fee allowed by a Federal Court"), *with id.* § 404.1730(c)(2)(i) (referencing § 404.1725 regarding "fee for services . . . performed in dealing with us," *i.e.*, SSA); *see also id.* § 404.1728(b) (authorizing payment of fees awarded by federal court out of past-due benefits but providing no time period to request payment). No matter. Even if the regulation's 60-day period is applied to § 406(b) awards, as the SSA appears to do in practice, *see* SSA, Program Operations Manual System, GN 03930.091, that would still only indicate the time within which a party must request a direct *payment* of such fees from the Commissioner, not the time within which to request an *award* of fees from the district court, *see generally Culbertson v. Berryhill*, 139 S. Ct. at 523 (differentiating between "past-due benefits that the agency can withhold for direct payment" and "amount of fees that can be approved for representation before the

---

[5] Nothing in this opinion departs from the law's presumption that a party receives communications three days after mailing. *See Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011).

agency or the court").  It is the latter request that we today hold is subject to the fourteen-day filing limitation of Rule 54(d)(2)(B) once a party receives notice of a benefits calculation following a sentence four remand judgment.

In holding Rule 54 applicable in these circumstances, we are mindful that its fourteen-day limitations period is not absolute.  The rule expressly states that the specified period applies "[u]nless a statute or a court order provides otherwise."  Fed. R. Civ. P. 54(d)(2)(B).  Thus, district courts are empowered to enlarge that filing period where circumstances warrant.  *See Walker v. Astrue*, 593 F.3d at 280; *Pierce v. Barnhart*, 440 F.3d at 664; *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d at 1277 n.2.  To be sure, courts cannot adopt local rules or orders that are inconsistent with federal rules of procedure.  *See* 28 U.S.C. § 2071; Fed. R. Civ. P. 83(a)(1) (requiring that "local rule must be consistent with—but not duplicate—federal statutes and [rules of federal court procedure]").[6]  Nevertheless, where, as here, the rule

---

[6] On this appeal, we do not consider the propriety of so much of the recently adopted, earlier referenced Western District local rule that affords parties longer than fourteen days from notice of a benefits calculation on remand to file § 406(b) applications.  *See* W.D.N.Y. Loc. R. 5.5(g)(1) ("Plaintiff's counsel may file a petition for attorney's fees under 42 U.S.C. § 406(b) no later than sixty-five (65) days after the date of the final notice of award sent to plaintiff's counsel of record at the conclusion of defendant's past-due benefit calculation stating the amount withheld for attorney's fees.").  In the absence of any clear decision by this court, the district court understandably sought to provide parties with a standard for filing timely § 406(b) applications following a sentence four remand judgment.  Courts in other districts outside this circuit made similar efforts, although setting different filing deadlines.  *See, e.g.*, D.S.C. Loc. R. 83.VII.07 (requiring § 406(b) applications to be made within 60 days of notice of benefits calculation); E.D. &

13

itself affords courts the discretion to alter a specified filing time, we will generally defer to a district court in deciding when such an alteration is appropriate in a particular case as, for example, when a party needs more time to assemble and file the administrative record.

Sinkler filed her § 406(b) application more than six months after receiving notice of the Commissioner's calculation of benefits on remand. This was far outside the fourteen-day period prescribed by Rule 54(d)(2)(B), even when tolled as warranted following sentence four remand judgments. Thus, the district court reasonably denied the motion as untimely under that rule.

### B. Sinkler Fails To Show that Her Six-Month Filing Delay Was Reasonable

Sinkler argues that, even if Rule 54(d)(2)(B)'s fourteen-day filing period is applied to future § 406(b) applications following sentence four remand judgments, it should not apply to her case because she had no notice of that limitation period's application. Sinkler insists that "[t]he practice of the various District Courts in this Circuit was to consider whether the [§ 406(b)] motion was filed within a reasonable time," Appellant Br. at 16, and that courts routinely

W.D. Ky. Joint Loc. R. 83.11(D) (affording 30 days); D. Minn. Loc. R. 7.2(e) (affording 30 days); D. Me. Loc. R. 54.2 (affording 30 days); D. Md. Loc. R. 109.2(c) (affording 30 days); E.D. Mich. Loc. R. 54.2(a) (affording fourteen days); S.D.W.V. Loc. R. Civ. P. 9.6 (requiring filing "promptly" after plaintiff receives notice of amount of past-due benefits). This decision, however, now clarifies the application of Rule 54(d)(2)(B)'s fourteen-day filing period in such circumstances. This should make the need for such generally applicable local rules unnecessary in this circuit.

14

found filings more than fourteen days after an SSA Notice of Award "reasonable," *see id.* at 16–19 (collecting cases).

Assuming we would entertain Sinkler's notice argument, it fails on the merits because she provides no factual basis to support a claim that it was "reasonable" to delay the filing of her § 406(b) application for more than six months after she received notice of the benefits calculation on remand. Certainly, she offered no explanation for this delay in the district court. *See Sinkler v. Berryhill*, 305 F. Supp. 3d at 459 ("Plaintiff's counsel has failed to provide any explanation justifying this significant delay."); *Sinkler v. Berryhill*, 317 F. Supp. at 695 (same). Nor has she done so on appeal. Rather, her counsel argues that "he did not, and still does not, need to present good cause for the timeliness of his filing because the case law of this Circuit . . . led him to believe that his motion was filed within a reasonable time." Reply Br. at 2. In fact, counsel cites to only one district court case in this circuit that has entertained a § 406(b) motion filed more than six months after a benefits calculation. He points to no precedent indicating that *unexplained* delays of that length will always be deemed reasonable.

In short, because Sinkler points to no facts that would allow her (or her counsel) to think a six-month filing delay in her case was reasonable, she can hardly claim prejudice from any lack of notice that Rule 54(d)(2)(B)'s fourteen day filing standard would determine the timeliness of her § 406(b) filing.

15

Nor can Sinkler use 28 U.S.C. § 2071(b) to support her notice complaint. As the district court correctly observed, the notice and comment requirements of that statute apply to courts prescribing *local* rules for the conduct of their business, not to courts interpreting rules of law controlling their adjudication of claims. *See Sinkler v. Beryhill*, 317 F. Supp. 3d at 693.

Thus, on *de novo* review of the applicable law, we conclude that Sinkler's § 406(b) application was untimely under Rule 54(d)(2)(B), which controls, but also under the reasonableness standard that Sinkler urges. We, therefore, affirm the district court's judgment denying relief.

## III. Conclusion

To summarize, we conclude as follows:

1. Fed. R. Civ. P. 54(d)(2)(B) provides the filing time for attorney's fee applications pursuant to 42 U.S.C. § 406(b).

2. The fourteen-day filing period prescribed by Rule 54(d)(2)(B) is subject to equitable tolling when § 406(b) motions must await the SSA Commissioner's calculation of benefits following a district court's sentence four remand judgment. In that circumstance, the fourteen-day filing period starts to run when the claimant receives notice of the benefits calculation.

3. The plaintiff here having waited more than six months after receiving notice of the Commissioner's benefits calculation

before filing her § 406(b) motion in the district court, the district court acted within its discretion in denying the motion as untimely.

4.  Insofar as plaintiff claims that a lack of notice as to the application of Rule 54 to § 406(b) motions warrants review of her filing under a more lenient reasonableness standard, the argument fails because the record is devoid of any facts demonstrating that plaintiff's sixth-month filing delay was reasonable.

Accordingly, the judgment is **AFFIRMED** in all respects.