# United States Court of Appeals
## For the First Circuit

No. 21-1948

JOSE PAIS,

Plaintiff, Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Patricia A. Sullivan, U.S. Magistrate Judge]

Before

Kayatta, Lipez, and Thompson,
Circuit Judges.

David Spunzo, with whom Green & Greenberg was on brief, for appellant.
Timothy Sean Bolen, with whom Zachary A. Cunha, United States Attorney, Michael J. Pelgro, Regional Chief Counsel, Social Security Administration, and Ronald W. Makawa, Special United States Attorney, Social Security Administration, were on brief, for appellee.

November 1, 2022

THOMPSON, **Circuit Judge**. Today's case brings to mind a particularly useful adage: He who hesitates is lost. Counsel for Jose Pais appeals from the district court's denial of his motion for attorneys' fees, which he filed over two years after successfully representing Pais before both the Social Security Administration (SSA) and the district court. For the reasons stated below, we affirm the district court's denial of the motion as untimely.

## I. BACKGROUND

Back in 2014, Pais unsuccessfully applied for disability insurance benefits with the SSA. Nearly three years later, seeking a reversal of the agency's decision, he entered into a fee agreement that provided for contingent attorneys' fees -- to be collected out of retroactive benefits awarded as a result of the representation, should it be successful. With the assistance of counsel, it was: In 2018, the district court ruled for Pais and remanded the case to the agency for further proceedings, which ultimately found Pais to be a person with a disability and thus entitled to benefits.

It was at this point that Pais and his counsel received a Notice of Award (NOA) from the SSA. On June 16, 2019, the SSA issued an NOA notifying Pais that he was entitled to past-due benefits, and that 25 percent of his benefits ($29,159.13) was being withheld for potential attorneys' fees collectable under

42 U.S.C. § 406.[1] Soon after, Pais's counsel submitted timesheets requesting legal fees collectable under § 406(a) -- that is, fees for work done in administrative proceedings before the SSA. On November 19, 2019, the agency approved an award of $7,091.03 for such fees.

Pais's counsel was far slower to petition for the fees he was entitled to for his work before the district court. Nearly a year after issuing the NOA, on May 24, 2020, the SSA sent a letter to Pais's attorney noting that the agency continued to withhold the remaining $22,068.10 collectable under § 406(b) for such work. On October 26, 2020, the agency sent another letter regarding the withheld funds, with additional language stating that the agency "will certify for payment to the claimant all withheld benefits unless [his attorney] file[s] a petition for approval of a fee within 20 days from the date of this letter, or a written request for an extension of time." The agency subsequently received a letter from Pais's attorney, dated November 3, 2020, advising of his "intention to file a motion with the District Court for approval [of] 406(b) fees," requesting "an extension of time" to do so, and stating that he expected to file it "shortly." No immediate action followed, but the agency

---

[1] As explained more fully below, 42 U.S.C. § 406 outlines what fees an attorney may collect after successfully representing a claimant in an action for past-due benefits from the SSA.

- 3 -

nonetheless sent two more notices on April 25, 2021, and August 11, 2021, identifying the withheld funds and threatening distribution to the claimant unless counsel filed a petition or moved for an extension.

On August 13, 2021, two days after receiving the last letter and more than two years after receiving the NOA outlining Pais's past-due benefits award and the funds withheld for attorneys' fees, Pais's attorney at long last filed a motion in the district court requesting the § 406(b) fees. In the motion, Pais's attorney observed that the statute does not contain a fixed time for filing a § 406(b) petition and pointed out that the filing was made within the 20-day deadline included in the SSA's latest letter. In response, the agency cried foul and objected to the motion as untimely filed. Pais's counsel then objected to the objection and cited "clerical and logistical difficulties (including moving office[s] and the [COVID-19] pandemic)" as reasons for the filing delay.

Unmoved by the excuses offered by Pais's attorney, the district court denied the fee request as untimely. In a September 23, 2021 decision, the court specifically acknowledged Pais's attorney's argument that § 406(b) does not contain a time limit for filing fee applications, and referenced the lack of guidance from the First Circuit on the appropriate deadline for filing a § 406(b) fee petition. But after reviewing the varying approaches

- 4 -

taken by our sister circuits, it concluded that such a motion must be filed within a reasonable time of the agency's decision awarding benefits, and that what amounts to a reasonable delay in filing depends on the particular circumstances of each case, including any explanation for the delay. After rejecting Pais's counsel's explanation for the two-year gap between the NOA and his § 406(b) petition, the court put the kibosh on the fee request. Pais's attorney timely appealed and here we are.

## II.  ANALYSIS

The district court's "discretion in respect to fee awards is extremely broad" and our review of such decisions is highly deferential. Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992). When reviewing an award of attorneys' fees, "the role of an appellate court is to review for errors of law or abuse of discretion." Furtado v. Bishop, 635 F.2d 915, 920 (1st Cir. 1980). Therefore, we review the district court's interpretation of § 406(b) and subsequent adoption of the "reasonable time" standard for errors of law, and review the district court's application of the standard for abuse of discretion.

### A.  Attorneys' Fees in Social Security Cases:  An Overview

We begin with a quick overview of 42 U.S.C. § 406, which provides the statutory framework for attorneys to seek fees for their representation of claimants in actions for past-due Social Security benefits. "The statute deals with the administrative and

judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002). For fees under § 406(a), attorneys may petition the agency directly, and awards are based on several factors. See 20 CFR § 404.1725(b).

In contrast, § 406(b) authorizes courts to grant fees for work performed before them that results in a favorable outcome for the claimant. Specifically, § 406(b)(1)(A) states: "Whenever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" The statute authorizes the SSA to withhold 25 percent of the claimant's past-due benefits for such fees and sets this amount as the limit a court may award.[2] Id. ("[T]he Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in

---

[2] Additionally, the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, authorizes courts to grant attorneys' fees when the government's denial of benefits is not "substantially justified." Congress has harmonized EAJA and § 406(b) fees -- "[f]ee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796. In the instant case, the district court awarded EAJA fees totaling $3,618.15 shortly after ordering the remand to the SSA.

addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation[.]").

The Supreme Court has also held that § 406(b) works in tandem with representative fee arrangements, stating: "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."[3] Gisbrecht, 535 U.S. at 807.

## B. The Proper Standard for § 406(b) Timeliness

With this statutory scheme in mind, we proceed to the issue of first impression in this circuit presented by this case: What is the appropriate timeliness standard for fee petitions brought under § 406(b)? As discussed below, we believe that the "reasonable time" standard applied to Federal Rule of Civil Procedure 60(b) motions should also govern the timeliness of § 406(b) petitions.

---

[3] Here, Pais's fee agreement mirrors the statute and provides that counsel may apply to the court for the maximum fees allowable under § 406(b).

## 1. The Circuit Split

To begin and as previously noted, § 406(b) does not contain a time limit for fee requests. Federal Rule of Civil Procedure 54(d)(2)(B)(i), however, states that "[u]nless a statute or a court order provides otherwise, [a motion for attorneys' fees] must . . . be filed no later than 14 days after the entry of judgment[.]" This timeline presents a significant issue for attorneys seeking to collect § 406(b) fees: Following a remand from the district court, an agency's determination will rarely, if ever, be completed within 14 days. Pais's attorney emphasizes this point, highlighting the unworkability of a 14-day deadline for district court fees contingent upon agency determinations made on an entirely separate timeline. He urges us then to eschew this rule in favor of the flexibility afforded by the "reasonable time" standard applied to motions filed under Rule 60(b)(6).[4] For its part, the SSA has taken an agnostic stance on this issue and declined to suggest a specific rule for this court to adopt. As the SSA sees it, the fee petition here was untimely regardless of the standard applied.

---

[4] Under Rule 60(b)(6), a party may move for relief "from a final judgment, order, or proceeding" for "any other reason that justifies relief." Federal Rule of Civil Procedure 60(c) states that "[a] motion under Rule 60(b) must be made within a reasonable time" -- placing a one-year outer bound on reasonableness for certain motions made under the Rule (Rule 60(b)(1-3)), but not others (Rule 60(b)(4-6)).

The minority of our sister circuits to address this question have adopted the "reasonable time" standard. In McGraw v. Barnhart, the Tenth Circuit followed this course, ruling that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." 450 F.3d 493, 505 (10th Cir. 2006). Highlighting Rule 60(b) as the "grand reservoir of equitable power to do justice in a particular case," the circuit court held that substantial justice would be served by allowing counsel to seek § 406(b) fees under that Rule's authority. Id. (quoting Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1147 (10th Cir. 1990)). In so ruling, the Tenth Circuit's approach stands in contrast with every other circuit that has considered this question since the Federal Rules were amended to include Rule 54(d)(2)'s 14-day deadline.[5]

Turning to the other circuits (the Second, Third, Fifth, and Eleventh Circuits) that have mulled the timely filing conundrum, they have chosen to apply Rule 54(d)(2)'s more rigid 14-day deadline to § 406(b) petitions. See Sinkler v. Berryhill, 932 F.3d 83, 87 (2d Cir. 2019); Walker v. Astrue, 593 F.3d 274, 276 (3d Cir. 2010); Pierce v. Barnhart, 440 F.3d 657, 663 (5th

---

[5] In Smith v. Bowen, 815 F.2d 1152, 1156 (7th Cir. 1987), which the district court in the instant case cited in support of adopting the standard, the Seventh Circuit also applied a "reasonable time" standard to § 406(b) petitions. However, this was prior to the 1993 amendment of Rule 54, which established the 14-day deadline.

Cir. 2006); Bergen v. Taylor, 454 F.3d 1273, 1277 (11th Cir. 2006). And they have done so despite the deadline's imperfect fit with the timing of SSA determinations made following a district court remand. These courts have ranged in their approach to grappling with the disconnect between the timelines of the district court and the SSA. The Second and Third Circuits have relied on equitable tolling to harmonize the process -- pushing forward the triggering event for Rule 54(d)(2)'s timeline from the date of the district court's remand to the date of the agency's subsequent determination (as marked by the issuance of an NOA). Sinkler, 932 F.3d at 87-88; Walker, 593 F.3d at 280. The Second Circuit, along with the Fifth and Eleventh Circuits, has also highlighted the discretionary power of the district court to set alternative deadlines as justice requires. Sinkler, 932 F.3d at 89; Pierce, 440 F.3d at 664; Bergen, 454 F.3d at 1278 n.2.

### 2. The Use of Rule 60(b)(6)

We are inclined to agree with the Tenth Circuit's reasoning on this issue, and therefore adopt Rule 60(b)(6)'s reasonable time standard for determining the timeliness of § 406(b) petitions made in this circuit. Rule 60(b) empowers courts to relieve a party from a final judgment on various grounds, including "any other reason justifying relief." Fed. R. Civ. P. 60(b)(6). Like the Tenth Circuit, we have referred to Rule 60(b)(6) as a district court's "residual reservoir of equitable power to grant

- 10 -

discretionary relief" -- allowing it "to relieve a party from a final judgment where such relief is appropriate to accomplish justice[.]" Paul Revere Variable Annuity Ins. Co. v. Zang, 248 F.3d 1, 5 (1st Cir. 2001).

In scanning the out-of-circuit precedent, we have observed that in practice, accomplishing justice in most § 406(b) cases seems to inevitably require some exercise of the district court's discretion and powers in equity. Some of the circuits that have adopted the Rule 54(d)(2) deadline have effectively conceded as much, by tolling the Rule's triggering event to the date of the agency's NOA. As the Tenth Circuit pointed out in McGraw, this approach seems "contrary to the plain language of [Rule 54(d)(2)], which states that the motion must be filed no later than 14 days after entry of judgment. It appears that the term 'judgment' refers to the judgment of the district court." McGraw, 450 F.3d at 504 (citations and quotations omitted); see Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("Congress' use of 'judgment' in [a fee-shifting statute] refers to judgments entered by a court of law, and does not encompass decisions rendered by an administrative agency."). Other solutions proposed by the circuits, such as urging district courts to set alternative

- 11 -

deadlines as necessary, no less involve the use of the court's discretion to set aside Rule 54(d)(2)'s suggested timeline.[6]

Additionally, we find the concerns raised by our sister courts that have rejected the use of Rule 60(b) here to be unpersuasive. In rejecting this analytical pathway, both the Second and Third Circuits have cautioned that there is "little support" in law for the Rule 60(b) approach -- even arguing that this pathway appears to "conflict in principle with Supreme Court jurisprudence that instructs that a post-judgment motion for attorney fees is not properly asserted as a motion to amend or alter judgment." Sinkler, 932 F.3d at 87 (quoting Walker, 593 F.3d at 279).

We read the relevant jurisprudence that they cite to -- White v. N. H. Dep't of Emp. Sec., 455 U.S. 445 (1982) -- differently. In White, the Court emphasized the nature of attorneys' fees requested under 42 U.S.C. § 1988 as separate from and collateral to the relevant judgment by a court. In support, the Court quoted a prior observation by the Fifth Circuit that "[a] motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment." Id., 455 U.S.

---

[6] Which the Rule allows for. See Fed. R. Civ. P. 54(d)(2)(B)(i) ("Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment . . . ." (emphasis added)).

- 12 -

at 452 (quoting Knighton v. Watkins, 616 F.2d 795, 797 (5th Cir. 1980)).

We believe that this conception of attorneys' fees does not apply to the plain language and statutory design of § 406(b). Unlike some of the other federal statutes that allow for attorneys' fees based on a court's discretion, § 406(b) implies that the fees are awarded as a part of a district court's judgment for the claimant, rather than as a separate judgment allowing the party to recuperate costs underlying the action. Compare 42 U.S.C. § 406(b)(1)(A) ("[T]he court may determine and allow as part of its judgment a reasonable fee for such representation . . . ." (emphasis added)) with 42 U.S.C. § 1988 ("[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . .") and 28 U.S.C. § 2412 ("[A] court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a) [which authorizes courts to award a judgment for other costs incurred in the litigation] . . . ."). The Supreme Court implied a similar distinction in Gibsbrecht, stating that "[f]ees shifted to the losing party . . . are not at issue" in § 406(b) petitions. 535 U.S. at 802. Unlike fee-shifting statutes like 42 U.S.C. § 1988 and 28 U.S.C. § 2412, the Court noted, "[s]ection 406(b) is of another genre: It authorizes fees payable from the successful party's recovery." Id.

- 13 -

Indeed, given that § 406(b) provides for the fees to be collected directly from a claimant's subsequently awarded past-due benefits, it seems sensible to understand the fees as a conditional part of the court's judgment. The statute states that, should a claimant be successful before the agency on remand, the agency may withhold a portion of the past-due benefits for attorneys' fees in case they are awarded by the court. 42 U.S.C. § 406(b)(1)(A) ("[T]he Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."). In such cases, we see no reason why it would be inappropriate for a district court to, based on the discretion formalized in Rule 60(b)(6), amend the judgment in order to award § 406(b) fees. Unlike the fee petitions contemplated by the Supreme Court in White, § 406(b) motions do not "merely seek[] what is due because of the judgment" -- the fees are not due because of the district court's judgment ordering a remand. See White, 455 U.S. at 452. Rather, such a motion "impl[ies] a change in the judgment." See id. Now that the condition of success before the agency on remand has been met, the district court may amend its judgment to award fees.

Admittedly, we have historically set a high bar for Rule 60(b)(6) motions, reasoning that "'[t]here must be an end to litigation someday,' and therefore district courts must weigh the

reasons advanced for reopening the judgment against the desire to achieve finality in litigation." Paul Revere Variable Annuity Ins. Co., 248 F.3d at 5-6 (quoting Ackermann v. United States, 340 U.S. 193, 198 (1950)) (alteration in original). However, unlike most cases where a final judgment is disturbed, here it is clear to all parties that, in the event of success before the agency on remand, a subsequent amendment to the district court's judgment to award attorneys' fees is highly likely. Indeed, given that a successful claimant may not receive their full past-due benefits until the question of attorneys' fees is resolved, here it seems necessary for a court to in essence reopen the judgment (or definitively decline to do so, by denying a § 406(b) petition) in order to achieve finality for all parties in the matter.[7]

Therefore, we see no reason to fashion a unique rule to direct our district courts, given that Rule 60(b)(6) provides a clear enough guidepost for them. Accordingly, we hold that the district court applied the correct rule, Rule 60(b)'s "reasonable time" standard, when assessing the timeliness of Pais's attorney's § 406(b) fee petition. Under this standard, district courts must determine whether any delay was reasonable based on the particular

---

[7] While the "matter" extends beyond the underlying suit between a claimant and the SSA (and now mainly concerns the claimant and their counsel), the SSA remains tied to the litigation based on its role in withholding and ultimately certifying any fees to be paid out to the attorney.

circumstances of each case, including any explanation for whatever delay may be at issue.[8]  Once the NOA is issued, the principal basis for withholding a request for fees will usually disappear. Because the delay here was unreasonable by any measure, today we need not decide the outer bounds of what constitutes a reasonable delay.[9]

Further, we agree with the district court that the "triggering event" from which reasonability should be assessed is the issuance of the NOA, not the court's judgment ordering the underlying remand.  The availability of § 406(b) fees is premised on the SSA's subsequent determination of past-due benefits, which is established by the NOA.  Accordingly, when determining the timeliness of a § 406(b) petition, courts should assess whether a reasonable time has elapsed since it was issued by the agency.

---

[8] Naturally, these circumstances will also include the local rules of the district where the petition was filed.  Currently, the District of Maine is the only court within this circuit to have an applicable rule.  See Me. Loc. R. 54.2 ("[A]ny application for fees under 42 U.S.C. §[]406(b) . . . shall be filed within 30 days of the date of [the NOA].")

[9] Unlike Pais's counsel, we do not understand the district court to have applied a one-year per se time limit on reasonableness.  Because this standard is based on Rule 60(b)(6), which is not subject to that outside limit, we also decline to do so.  See Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . .").

## C.  The District Court's Holding

With that threshold question out of the way, we turn to the district court's application of the "reasonable time" standard in this case and review it for an abuse of discretion.  See Ramos v. Barnhart, 103 F. App'x 677, 678 (1st Cir. 2004).

We conclude that the district court did not abuse its discretion in denying the petition.  Simply put, we are hard pressed to understand how a 26-month gap between the SSA's issuance of Pais's NOA and his attorney's § 406(b) petition could possibly be considered reasonable -- especially given that Pais's attorney failed to provide any meaningful explanation for the delay. Counsel counters that his timing was reasonable in light of the multiple notices sent by the SSA after the NOA, each of which included a new 20-day deadline for filing a petition and indicated that the SSA was still withholding the funds.

While we appreciate the confusion that these notices may have caused, they are immaterial.  As the Supreme Court has noted, "the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants."  Gisbrecht, 535 U.S. at 798 n.6.  This role underscores the limited authority of the SSA here -- § 406(b) awards are made at the discretion of the court, and the SSA does not have the authority to acquiesce to delays or extend the court's

timeline for accepting such petitions. For a district court, the sole question for assessing timeliness is whether counsel filed his § 406(b) petition within a "reasonable time," separate and apart from any agency actions taken after issuing the NOA that did not affect the claimant's past-due benefits.

Here, the NOA contained all the necessary information that counsel needed to file a petition for attorneys' fees. Given that Pais's attorney failed to file his § 406(b) petition in a timely manner, the district court did not err in denying the eventual submission.[10] Like the court, because we consider the fee petition untimely, we need not address the reasonableness of the amount requested.

### III. CONCLUSION

Summing up, for the reasons stated above, we hold that Rule 60(b)'s "reasonable time" standard, measured from the SSA's issuance of an NOA, should govern the timeliness of attorneys' fee petitions submitted under § 406(b). Accordingly, we hold that the

---

[10] We also find Pais's attorney's theory of detrimental reliance to be unpersuasive. The doctrine allows a party to be estopped from advancing an argument if the opposing party can show "that it relied on its adversary's conduct in such a manner as to change [its] position for the worse." Mimiya Hosp., Inc. SNF v. U.S. Dep't Of Health And Hum. Servs., 331 F.3d 178, 182 (1st Cir. 2003) (quoting Heckler v. Cmty. Health Servs., 467 U.S. 51, 59 (1984)) (alteration in original). Pais's attorney does not, and cannot, demonstrate how his reliance on the SSA's subsequent notices changed his position from one of filing in a timely manner to one of filing after unreasonable delay.

district court did not abuse its discretion when applying the standard, and therefore **affirm.**