**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-1678

———————

ALBERT SCHOCK; WOLDEMAR SCHOCK; IRMA SCHOCK,
Appellants

v.

JAMES M. BAKER; JEFFREY STARKEY; ANTHONY KNISELY; MICHAEL E.
MILLER; CITY OF WILMINGTON; BOARD OF LICENSE AND INSPECTION
REVIEW; WILMINGTON CITY COUNCIL

———————————————————————

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:09-cv-00647)
District Judge: Honorable Gregory M. Sleet

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 25, 2016

Before: SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 27, 2016)

———————

OPINION[*]

———————

PER CURIAM

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellants Albert, Woldemar, and Irma Schock appeal pro se from the District Court's order granting summary judgment in favor of the defendants. For the reasons discussed below, we will affirm.

This dispute concerns the demolition of a warehouse in Wilmington, Delaware, that was owned by a business associated with the Schocks. The Schocks contended that their warehouse was demolished improperly in order to facilitate a redevelopment project. The defendants disagreed and argued that the warehouse was a dangerous public nuisance demolished pursuant to a legal demolition order.

The Schocks filed suit in the United States District Court for the District of Delaware in August 2009. In October 2010, they amended their complaint. The Amended Complaint brought a 42 U.S.C. § 1983 action under the Fifth and Fourteenth Amendments, alleging that the defendants' actions violated the Schocks' rights to due process and equal protection, and amounted to an unjust taking of their property. After the defendants answered the amended complaint and the parties engaged in extensive discovery, the defendants moved for summary judgment in September 2014. Their brief in support of summary judgment cited to record evidence in a substantial appendix that the defendants filed with their motion. The defendants argued that the record showed that the takings, due process, and equal protection claims all failed as a matter of law. In addition, the defendants argued that the Schocks had failed to establish municipal liability for Wilmington and the City Council, and that the government-official defendants were entitled to qualified immunity.

2

The Schocks' answering brief recited a lengthy narrative, albeit without record citations or support. That brief then raised a new Fourth Amendment claim for purported illegal entry onto their property. The brief also made legal arguments in favor of the Schocks' Fifth Amendment takings claim, citing Takings Clause caselaw and the state and municipal codes. As for the due process claim, the brief abandoned arguing that the Schocks were deprived of constitutionally adequate procedures, and instead set out a substantive due process claim based on the idea that the deprivation of their property interest shocked the conscience. The brief then argued that the Schocks' equal protection claim should go to trial because of other buildings that allegedly had not been demolished even though they were in purportedly worse condition than the Schocks' warehouse. Finally, the answering brief opposed the defendants' municipal-liability and qualified-immunity arguments.

In reply, the defendants pointed out that the Schocks had not identified specific material facts that were in dispute and had not cited to particular record evidence. The defendants' reply also argued that the Fourth Amendment and substantive due process claims were forfeited because they had not been raised before, and then set out substantive arguments in response to all of the Schocks' claims.

For four months, neither party made any further filings. Then, in February 2015, the District Court granted the defendants' motion for summary judgment on the ground that the Schocks had failed to sustain their burden under Federal Rule of Civil Procedure 56(c)(1)(A): "The Plaintiffs failed to cite any portion, particular or general, of the record

3

in this case that demonstrates the existence of any material fact in dispute between the parties that raises a genuine issue for trial." Order, Feb. 26, 2015, D. Ct. Doc. No. 123.

Thereafter, the Schocks timely moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). That motion included a slightly expanded summary of argument, a near-verbatim copy of the Schocks' factual narrative and arguments opposing summary judgment from their previous brief, and a new section entitled, "in support of plaintiff's argument, plaintiffs[] offer the following evidence." That section then went on to list various documents and factual assertions, with broad page-range citations to an appendix that the Schocks filed with their motion for reconsideration. Mot. for Reargument, Mar. 25, 2015, at 20-23, D. Ct. Doc. No. 125. The Schocks stated that they had not filed an appendix before "in the belief that evidentiary materials already filed with the Court were adequate." Id. at 2. They did not cite any other reason for reconsideration at that time. The defendants opposed reconsideration. Then, in a reply brief, the Shocks asserted for the first time that they had not previously included supporting documentation in part due to "the need to adhere to a filing time limit and to medical problems being experienced by plaintiffs." Reply to Mot. for Reargument, Feb. 1, 2016, at 6, D. Ct. Doc. No. 135. That reply also included three affidavits as exhibits that described, in general terms, health problems that each of the Schocks had been enduring, but which did not state in any way how those health problems had specifically limited the Schocks' ability to prosecute their lawsuit.

4

The District Court then denied the motion for reconsideration, concluding that the Schocks' previous failure to file an appendix was not a basis for reargument, and that the Schocks' motion for reconsideration itself did not "cite to any portion of the record in this case that demonstrates the existence of any material fact in dispute between the parties that raises a genuine issue for trial." Order, Feb. 25, 2016, at 2 n.2, D. Ct. Doc. No. 136. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's ruling on a motion for summary judgment de novo. Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). A party opposing a motion for summary judgment must cite to specific materials in the record that demonstrate the existence of a disputed issue of material fact. Fed. R. Civ. P. 56(c)(1)(A). We review a district court's order denying a motion for reconsideration for an abuse of discretion. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

The District Court was correct to conclude that the Schocks did not comply with Federal Rule of Civil Procedure 56(c)(1).[1] The Schocks do not dispute that their initial

---

[1] Following from that failure was the Schocks' inability to respond to the defendants' demonstration that the Schocks' claims failed as a matter of law. As the

summary judgment response failed to identify record facts sufficient to create a genuine issue for trial, but argue that their pro se status and their asserted health problems should have prompted the District Court to grant them leeway to file an appendix after summary judgment was granted.

Those arguments are not persuasive and fail to show that the District Court abused its discretion when it denied the Schocks' motion for reconsideration. A district court should be "loathe to [reconsider its decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." Lesende v. Borrero, 752 F.3d 324, 339 (3d Cir. 2014) (quotation marks and citation omitted). "The scope of a motion for reconsideration . . . is extremely limited," and should "be used only to correct manifest errors of law or fact or to present newly discovered evidence." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). "New" evidence is evidence that could not have been submitted to the court earlier

District Court observed, the defendants "cited to particular parts of the record that either demonstrate the existence of unmet facts in support of their various defenses or a dearth of factual material capable of undermining their position on summary judgment." Order, Feb. 26, 2015, D. Ct. Doc. No. 123. In particular, the Schocks could not rebut the defendants' arguments that their Fifth Amendment Takings Clause claim was either unripe, see Cowell v. Palmer Twp., 263 F.3d 286, 290 (3d Cir. 2001), or was precluded by the exercise of the city's police power to combat a public nuisance, see Nat'l Amusements Inc. v. Borough of Palmyra, 716 F.3d 57, 63 (3d Cir. 2013). Likewise, the Schocks' equal protection argument failed, among other reasons, for want of sufficient evidence that their property was similarly situated to other properties that purportedly were not demolished. See Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006). Finally, the Schocks forfeited their Fourth Amendment and substantive due process claims because the Schocks did not raise those claims until they filed their summary judgment response brief. See Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 641-42 (3d Cir. 1993).

6

because it was not previously available, not merely evidence submitted following an adverse court ruling. Id. at 415-16.

Here, the standard for reconsideration was not met. Although the Schocks' pleadings are read with some leeway in light of their pro se status, they were still required to comply with Rule 56. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013). And while the Schocks argue that they did not have notice that their case could be dismissed for the failure to cite to specific record evidence, that argument is belied by the Schocks' failure to take any action between the defendants' submission of their reply brief on summary judgment—which raised the Rule 56(c)(1)(A) issue—and the District Court's issuance of its order four months later.

Moreover, while it is true that the local rules in the District of Delaware contemplate the filing of an appendix, the more serious problem was the Schocks' failure to cite in their brief to specific facts in the record to overcome the defendants' factual support. It is doubtful that the Schocks' motion for reconsideration itself complied with Federal Rule of Civil Procedure 56(c)(1)(A)—even with the additional appendix included—due to the conclusory and broad statements and citations that constitute the "evidence" that the Schocks offered in opposition to summary judgment. No manifest injustice occurred here when the Schocks failed to cite to the record in a sufficient manner to comply with Rule 56(c)(1)(A) in even their post-judgment filing.

The only other potential argument for reconsideration was the assertion that a tight filing deadline and health problems precluded initial compliance with Rule 56.

Notably, however, the Schocks took advantage of extensions of time throughout the litigation, but never brought any filing-deadline or health concerns to the District Court's attention until they filed their reply brief to the defendants' opposition to the motion for reconsideration. To the extent that the Schocks consider their vaguely described health issues to be new evidence that provided a basis for reconsideration, their argument fails. See Blystone, 664 F.3d at 415-16.

Finally, the Schocks argue on appeal that their motion for reconsideration should have been construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60. They apparently believe that they filed a motion pursuant to Federal Rule of Civil Procedure 59(e) in error. In fact, that belief is mistaken—Rule 59(e) was the proper vehicle for their post-judgment challenge to the District Court's summary judgment ruling. Moreover, under these circumstances, the Schocks' challenge would not have fared any better as a Rule 60(b) motion than as a Rule 59(e) motion. See Walker v. Astrue, 593 F.3d 274, 279 (3d Cir. 2010) (Rule 59(e) and Rule 60(b) "are substantively interchangeable").

For these reasons, the District Court did not err in its initial summary judgment ruling, and did not abuse its discretion when it denied reconsideration of that ruling. Consequently, we will affirm the District Court's judgment.