CLD-015                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2432
_____

MYRON MOTON,
Appellant

v.

JOHN E. WETZEL; STEVEN GLUNT; KATHLEEN KANE; SUPERINTENDENT
HARRY; MEINTEL; DEPUTY ZWILRZYNA; TRACY WILLIAMS; LT B. M.
BOOHER; DAVY; OFFICER HUBER; OFFICER GARDER; OFFICER MCBETH;
JOHN/JANE DOE FBI AGENTS; JOHN/JANE DOE DEPARTMENT OF JUSTICE
AGENTS; SGT SWIFT; JOHN DOE CELL EXTRACTION TEAM UNIT; OFFICER
JOHN DOE; LIEUTENANT SUPERVISED CELL EXTRACTION TEAM UNIT;
JOHN DOE MAIL CARRIERS; JOHN/JANE DOE MAIL SUPERVISER;
DEB ALVORE; OFFICER JOHNSON; CHIEF GRIEVANCE COORDINATORS;
ACTING GREIVANCE COORDINATORS; D. VARNER; KERI MOORE; MICHAEL
BEAL; SUPERINTENDANT WINGARD; DEPUTY HAINSWORTH; DEPUTY
MAZUKIEWIEZ; MAJOR WADSWORTH; MAJOR PRICE, Major; DARR; J. H.
DUPONT; JOSEPH ALLEN; SANNER; OFFICER WYATT; OFFICER STANTON;
SGT LEDAMUK; LT CINKO; LT. SHAFFER; OFFICER MCDANNELL; HEIDI
SROKA; OFFICER KLINE; OFFICER BLY; CAPTAIN BAKOS; LT SMITH; JOHN
DOE CELL EXTRACTION UNITED TEAM; JOHN DOE LIEUTENANT
SUPERVISED CELL EXTRACTION UNIT TEAM; OFFICER TRESILER; OFFICER
HUGO; SGT WASHBURN; MUTCHER; RILKESKY; UNITED STATES POSTAL
SERVICE; JOHN DOE DEPARTMENT OF JUSTICE AGENT; JOHN/JANE DOE
DEPARTMENT OF FBI AGENT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-00008)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

October 22, 2020
Before:  RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 2, 2020)
_____

OPINION[*]
_____

PER CURIAM

Appellant Myron Moton, proceeding pro se, appeals from the District Court's

denial of his motion to alter the judgment and his motion for a temporary restraining

order.  We will affirm.

Moton originally filed a civil rights complaint in the United States District Court

for the Middle District of Pennsylvania.[1]  The complaint, which was more than 100 pages

long, raised a vast array of claims against dozens of state and federal officials.  The

District Court dismissed the complaint, without prejudice, for failure to comply with Rule

8 and Rule 20 of the Federal Rules of Civil Procedure.  Moton's first amended complaint

suffered from the same defects and was again dismissed.  The second amended

complaint—which contained nine pages of allegations that Pennsylvania Department of

Corrections personnel, local prosecutors, judges, the FBI, and the Department of Justice

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] Because we write primarily for the benefit of the parties, we will recite only the facts
necessary for the discussion.

2

are engaged in vast criminal conspiracies involving bribery, obstruction of justice, retaliation, and harassment—was transferred to the Western District of Pennsylvania, where most of the claims arose. The District Court dismissed the complaint for failure to state a claim and this Court affirmed. Moton v. Wetzel, 803 F. App'x 589, 593 (3d Cir. 2020).

Almost two months later, Moton filed a motion requesting that the District Court alter this Court's judgment on appeal. He also filed a motion for a temporary restraining order requesting transfer to a different prison because of certain prison officials' treatment of his sports magazines and his limited showering privileges. The Magistrate Judge recommended denying both motions. Moton did not file objections and, by Order dated June 30, 2020, the District Court adopted the Report and Recommendation.[2] This timely appeal followed.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's denial of Moton's motions for abuse of discretion.[3] See Blystone v. Horn, 664 F.3d 397,

---

[2] On July 6, 2020, six days after the District Court denied the motions and 24 days after the Magistrate Judge filed his Report and Recommendation, Moton filed objections. The envelope in which Moton mailed his objections indicated that they were mailed on June 26, 2020, only 14 days after the Magistrate Judge filed his Report and Recommendation and before the District Court ruled on the motions. On July 13, 2020, after Moton filed his notice of appeal, the District Court vacated its original Order and issued another Order that, along with denying the motions, indicated that Moton had filed objections.

[3] Typically, orders granting or denying temporary restraining orders are not appealable. Nutrasweet Co. v. Vit-Mar Enters., Inc., 112 F.3d 689, 692 (3d Cir. 1997). However, the District Court's ruling with respect to the temporary restraining order is appealable in this circumstance under 28 U.S.C. § 1292(a)(1) because Moton's requested relief (transfer to a different prison) "goes beyond preservation of the status quo and mandates affirmative relief." Hope v. Warden York Cnty. Prison, 956 F.3d 156, 160 (3d Cir. 2020).

415 (3d Cir. 2011) (motion to alter judgment); Vuitton v. White, 945 F.2d 569, 574 (3d Cir. 1991) (motion for temporary restraining order). We note that the District Court initially did not consider Moton's objections because they were received by the district clerk days after the District Court ruled on the motions, which would ordinarily require that we review his claims under a plain error standard. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Once Moton filed his notice of appeal, the District Court was divested of jurisdiction and did not have the authority to vacate its June 30th Order. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). In any event, the time limit for objecting to a magistrate judge's report is not jurisdictional, see Grandison v. Moore, 786 F.2d 146, 148 (3d Cir. 1986), and we will review Moton's claims in light of his objections. We may summarily affirm on any ground supported by the record if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court did not abuse its discretion in denying the motion to alter the judgment. The District Court correctly ruled that it does not have the authority to alter the judgment of the Court of Appeals and that the motion was untimely. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). It appears, though, that Moton's filing should have been construed as a motion under Rule 60(b)(6) based on its timing and substance. See Walker v. Astrue, 593 F.3d 274, 279 (3d Cir. 2010) ("[A]n untimely Rule 59(e) motion should be construed as a Rule 60(b) motion."); see also Lewis v. Att'y Gen. of U.S., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (emphasizing that courts are free to characterize pro se

4

motions according to their substance rather than their titles).  Nonetheless, Moton has failed to show the "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur" required to reopen proceedings under Rule 60(b)(6).  Cox v. Horn, 757 F.3d 113, 115 (3d Cir. 2014) (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)).  We already considered and rejected various challenges to the District Court proceedings on direct appeal and Moton's attempts to relitigate such issues do not warrant relief under Rule 60(b).  See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (holding that a Rule 60(b) motion may not be used as a substitute for an appeal, and legal error, without more, is not a proper basis for reopening a case).

Furthermore, assuming Moton's post-judgment, post-appeal motion for a temporary restraining order was properly filed (which we doubt), the District Court properly denied it.  To succeed on that motion, Moton had to show, among other things, likelihood of success on the merits of his claims and irreparable injury in the absence of the requested injunctive relief.  ACLU v. Black Horse Pike Bd. of Educ., 84 F.3d 1471, 1477 n.2 (3d Cir. 1996).  Moton's claims have already failed on the merits.  His allegations that he was unable to view a sports magazine, that he was not allowed to shower after working on a weekend, and that he faced racist comments from prison staff do not constitute "irreparable injury" as such harms could have been rectified through compensatory relief had Moton succeeded on the merits.  See In re Revel AC, Inc., 802 F.3d 558, 571 (3d Cir. 2015).

Accordingly, we will affirm the judgment of the District Court.

5