**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1686
_____

PAMELA BOND,
                                   Appellant

v.

MCKEAN COUNTY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-00269)
Magistrate Judge:  Honorable Richard A. Lanzillo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 7, 2022
Before:  RESTREPO, PHIPPS and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 20, 2022)
_____

OPINION[*]
_____

PER CURIAM

        Pamela Bond appeals following the dismissal of her complaint and other rulings as

described herein.  We will dismiss this appeal in part and will otherwise affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

## I.

Bond filed a complaint against McKean County, Pennsylvania, raising three apparently unrelated claims. First, she alleged that she had been wrongfully removed from public housing, and she sought the relief discussed where relevant below. Second, she alleged that her car had been wrongfully ticketed for an expired inspection, and she sought to clear her record and to expunge a resultant fine. Third, she challenged the sale of her private house for unpaid taxes, and she sought an assessment of her tax records.[1] McKean County moved to dismiss Bond's complaint on various grounds. The District Court, acting through a Magistrate Judge on the parties' consent, granted that motion and dismissed McKean's complaint. The District Court later entered three orders following two post-judgment motions that Bond filed, and Bond appeals.

## II.

In her brief, Bond asserts that she is challenging the District Court's underlying order dismissing her complaint. As McKean County argues, we lack jurisdiction to review that ruling because Bond's notice of appeal was untimely as to that ruling (though that issue is less straightforward than McKean County claims).[2]

---

[1] Bond also raised claims regarding the sale of her house in the separate action at W.D. Pa. Civ. No. 1-18-cv-00176. In that action, the District Court denied her motion to stay the sale of her house and later entered summary judgment against her. We affirmed the judgment. See Bond v. State Farm Ins. Co., 837 F. App'x 138, 140 (3d Cir. 2021).

[2] The District Court issued its order dismissing Bond's complaint on August 25, 2020. That order is not "set out in a separate document" as required by Fed. R. Civ. P. 58(a) because it is combined with the court's opinion and is not separately captioned, paginated, or docketed. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007). Thus, the order is deemed entered 150 days later, or on January 22,

2

We do, however, have jurisdiction over two of the District Court's post-judgment orders. After the District Court denied Bond's motion at ECF No. 42, Bond filed a "motion to admit information to case file." (ECF No. 44). Like Bond's motion at ECF No. 42, her motion at ECF No. 44 is not a notice of appeal because it does not "specifically indicate [her] intent to seek appellate review" of the District Court's previous order. Smith, 502 U.S. at 248. Instead, Bond's motion at ECF No. 44 appears to be in the nature of a post-judgment motion to amend her complaint, which she could do at that stage only by obtaining relief under Fed. R. Civ. P. 59(e) or 60(b) from the order of dismissal. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 230 (3d Cir. 2011). That motion was not timely under Rule 59(e) as to the order of dismissal, see Fed. R. Civ. P. 59(e) (establishing a 28-day deadline), so we construe it as a motion under Rule 60(b). See Walker v. Astrue, 593 F.3d 274, 279 (3d Cir. 2010); cf. Burtch, 662 F.3d at 230 & n.7. The District Court denied that motion by text-only order on March 9, 2021. (ECF No. 45.) The same day, it entered another text-only order requiring Bond to update

---

2021. See Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii). Any appeal was due 30 days later, or by February 22, 2021 (February 21 being a Sunday). See Fed. R. App. 4(a)(1)(A). Bond did not file a notice of appeal within that time. She did file within that time a "motion to request a copy of the [court's] most recent decision" and for "permission to respond in a timely manner." (ECF No. 42.) We do not construe that motion as a notice of appeal from the order of dismissal because it does not refer to that order and does not otherwise "specifically indicate the litigant's intent to seek appellate review" of that order. Smith v. Barry, 502 U.S. 244, 248 (1992). Bond's motion conceivably could be construed as one for relief under Fed. R. Civ. P. 59(e) (the denial of which, if timely appealed, would bring up the underlying order for review) or Fed. R. App. P. 4(a)(5) or 4(a)(6) (the denial of which could be appealed as well). The court denied that motion in relevant part by text-only order on February 10, 2021, but Bond did not file a timely notice of appeal as to that ruling either.

3

her address of record.  (ECF No. 46.)  Bond finally filed a notice of appeal on April 2, 2021.  (ECF No. 48.)[3]  Her notice is timely as to the District Court's March 9 orders, so we have jurisdiction under 28 U.S.C. § 1291 to that extent.

To the same extent, we will affirm.  Bond's notice of appeal appears to challenge the District Court's order at ECF No. 46 requiring her to update her address, but she has not challenged that order in her brief and there appears no basis for such a challenge.[4]  Bond also has not specifically challenged the court's order at ECF No. 45 denying her motion at ECF No. 44.  But even if she had, we discern no reversible error.  Bond's motion did not challenge any of the District Court's reasons for dismissing her complaint.  Instead, Bond asserted that she was willing to narrow the public-housing claim that the District Court already had dismissed.[5]  Thus, Bond's motion did not state any basis for

---

[3] Bond asserts in her brief that she filed her notice of appeal in "December 2020."  The District Court docket does not reflect any filing by Bond in or around that month.  Nor has Bond explained that assertion in response to McKean County's arguments that this appeal is untimely, which McKean County first raised in a jurisdictional response before Bond filed her brief.

[4] In her notice of appeal, Bond asserts that the order requiring her to update her address reflects an "outlandish assumption regarding females."  Our review suggests that the court merely required Bond to update her address after she used different addresses in filings that could be construed to assert that she did not receive a copy of the order of dismissal sent to her address of record.  We note that Bond has not raised any argument based on non-receipt or delayed receipt of that order.  Nor has she specified when she received it.

[5] Bond's complaint requested two forms of relief on this claim:  (1) relief that she believed would result in "a good reference for future rental situations," and (2) reimbursement of money that she spent on a hotel after being turned away from public housing.  (ECF No. 1 at 3.)  Bond's motion advised the court that she had found new public housing, and thus apparently had not received a bad reference, but she repeated her request for reimbursement of her hotel bill.

4

the court to reconsider its order of dismissal, permit amendment, or otherwise reopen this case.

Finally, we note that Bond's brief also does not state any basis for relief from the order of dismissal itself. Bond has not mentioned any of the District Court's specific rulings, let alone raised anything calling them into question. Thus, if we had jurisdiction over the order of dismissal, Bond's brief would give us no reason to do anything other than affirm. But because we lack such jurisdiction, we do not reach that issue.

## III.

For these reasons, we will dismiss this appeal to the extent that Bond challenges the District Court's order of dismissal and will affirm the District Court's orders entered March 9, 2021. Bond's motions in this Court are denied.