**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3029
_____

RUSSELL LEE X. VANCE,
                                        Appellant

v.

SUPERINTENDENT THOMAS S. MCGINLEY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:21-cv-00892)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 22, 2022
Before:  MCKEE, SHWARTZ and MATEY, Circuit Judges

(Opinion filed:  April 27, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Russell Lee X. Vance filed an appeal from an order of the District Court entered on September 9, 2021, denying his post-judgment motion. For the following reasons, we will affirm.

Vance, an inmate at Coal Township SCI, filed a prisoner civil rights lawsuit naming Superintendent McGinley and seeking damages and transfer to another prison. He claimed that he was placed in an experimental therapeutic facility, given mind-controlling drugs, was subjected to abusive language and images, and that other inmates were extorting him and threatening his family. A Magistrate Judge recommended that the complaint be dismissed without prejudice under Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction), and 8 (failure to provide short and plain statement showing entitlement to relief), and because Vance did not make factual allegations identifying Superintendent McGinley's involvement in any of the alleged actions. After Vance attempted to amend, the District Court concluded that Vance's new filing did not overcome the defects of his prior complaint. On July 9, 2021, it dismissed the action with prejudice. Vance filed a post-judgment motion on August 15, 2021, again requesting transfer. The District Court denied the request on September 9. Vance filed this appeal.[1]

_____

[1] We have jurisdiction to review only the District Court's September 9, 2021 order denying Vance's post-judgment motion, because the notice of appeal was not timely filed as to any other orders of the District Court. See Lizardo v. United States, 619 F.3d 273, 278 (3d Cir. 2010) (explaining that, even if the opposing party does not object on timeliness grounds and the district court considers the motion on the merits, the untimely post-judgment motion does not toll the time for taking an appeal under Fed. R. App. P. 4(a)(4)(A)); see also Fed. R. App. P. 4(a)(4)(A)(vi) (providing that a motion for relief under Fed. R. Civ. P. 60 tolls appeal period only if filed within 28 days after judgment is

We will affirm the District Court's order denying relief. We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's denial of Vance's motion for an abuse of discretion. See Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). In its order, the District Court noted that the motion was filed well after Vance's amended complaint had been dismissed with prejudice and the matter closed. The motion reiterates Vance's previous request to be transferred. To the extent that the motion is construed as a motion for reconsideration, it was not timely filed. See Fed. R. Civ. P. 59(e) (providing that the motion must be filed within 28 days of judgment).

The District Court arguably should have also construed the motion as one under Rule 60(b)(6), considering its timing and that Vance appears to assert new allegations to support his prior request for transfer. See Walker v. Astrue, 593 F.3d 274, 279 (3d Cir. 2010) (explaining that an untimely motion to alter or amend under Rule 59(e) should be construed as a motion under Rule 60(b)); Fed. R. Civ. P. 60(c)(1) (providing that a motion under 60(b)(6) must be made "within a reasonable time"); see also Lewis v. Att'y Gen., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (noting that courts may characterize pro se motions according to substance rather than caption). Even if it had, however, Vance did not qualify for relief. In his motion, Vance claims that he was assaulted with a food tray and that "unknown people" threaten him with attack because he filed his lawsuit. To obtain relief under Rule 60(b)(6), Vance needed to show "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur" such that

entered).

3

his case should be reopened.  <u>Cox v. Horn</u>, 757 F.3d 113, 115 (3d Cir. 2014) (citation omitted).  But Vance's vague and undeveloped allegations do not demonstrate extraordinary circumstances compelling the reopening of his case that was dismissed for reasons explained in the July 2021 order.  This is particularly so considering that, like his amended complaint, his most recent motion attributes none of what has recently transpired to the defendant or identifies plausible alternative defendants.  Accordingly, the District Court did not abuse its discretion by denying a meritless motion.

    We will affirm the District Court's September 9, 2021 order.