**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2222

_____

NATHANIEL SWINT,
                    Appellant

v.

UNITED STATES OF AMERICA;
WARDEN DONNA R. ZICKEFOOSE;
DR. BRIAN BUSHMAN;
NURSE BENNETT

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-01107)
District Judge:  Honorable Jennifer P. Wilson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

December 26, 2024

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, Circuit Judges

(Opinion filed January 14, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Nathaniel Swint appeals pro se from the District Court's orders dismissing with prejudice his second amended complaint brought against the United States, Warden Donna Zickefoose, Dr. Brian Bushman, and Jody Bennett, and denying his post-judgment motion for reconsideration. We will affirm the District Court's judgment in part, vacate in part, remand for further proceedings, and deny Swint's pending motion for remand pursuant to Fed. R. App. P. 12.1.

I.

From 1996 to 2021, Swint was serving a life sentence at United States Penitentiary (USP) Allenwood.  In 2010, he began to experience severe back pain due to the "excessive inward curvature of [his] spine." Second Amended Complaint (SAC) at 4.[1] He went to the prison infirmary complaining of this pain several times and was informed by medical staff that they could not order an MRI to assist with his diagnosis due to bullet fragments in his body from old gunshot wounds. Though USP medical staff ordered alternative tests and treatment over the years, the source of Swint's back pain was never properly diagnosed and for over a decade, he lived with extreme pain and limited mobility. In 2021, he was resentenced and released from prison.  In 2022, he was referred to a spine surgeon in Philadelphia, who ordered x-rays to determine the location of the alleged bullet fragments.  The x-rays showed that there were not, in fact, any bullet

---

[1] Because this case was adjudicated at the motion-to-dismiss stage, we accept the allegations in Swint's amended complaint as true and view them in the light most favorable to him. See Mator v. Wesco Distrib., Inc., 102 F.4th 172, 178 (3d Cir. 2024). We also may "consider documents integral to or explicitly relied upon in [that pleading]." Id. (quotation marks omitted).

fragments in Swint's body. An MRI was ordered and Swint was diagnosed and deemed a candidate for corrective surgery, which he received in December 2022. He now walks straight up and without pain.

Swint's second amended complaint asserts FTCA and Bivens claims against the United States, the warden of USP Allenwood, and USP medical staff Dr. Brian Bushman and Jody Bennett.  He identifies Bushman and Bennett as two of the parties who "misled [him] by telling [him that he] was unable to get a[sic] MRI due to [his] body having bullet fragments from the gunshot wounds [he] had incurred." SAC at 4. On December 14, 2023, the District Court dismissed this complaint with prejudice because Swint "failed to raise a single state law tort claim" for FTCA purposes, and "fails to set forth any personal involvement" by federal agents for Bivens purposes. ECF No. 21 at 6 & 9.

On January 19, 2024, Swint filed a motion for reconsideration under Federal Rules of Civil Procedure 52(b) and 59(e). In that motion, he explains that he is awaiting a response to a FOIA request he submitted to USP Allenwood for his medical records and appears to request the District Court's intervention to expedite a response. He also argues that the District Court failed to address the Government's affirmative statute of limitations defense.[2]  The District Court denied the motion for reconsideration after construing it as a motion for relief under FRCP 60(b) on June 13, 2024.

---

[2] The Government never raised any affirmative defenses in this case, nor did it file anything at all in the District Court. This argument appears to stem from a letter Swint received from the BOP in July 2023.  The letter was sent in response to an administrative claim he filed with the BOP arising from the same facts as this case. The BOP denied his claim, asserting the two-year statute of limitations on such tort claims pursuant to 28 U.S.C. § 2401(b).

3

On July 5, 2024, Swint appealed the District Court's December 14, 2023 and June 13, 2024 orders.[3] He has moved in this Court for a remand to the District Court pursuant to Fed. R. App. P. 12.1. He has not filed anything in the District Court since his notice of appeal.

II.

We have jurisdiction over the District Court's December 14, 2023 and June 13, 2024 orders pursuant to 28 U.S.C. § 1291.[4] We exercise plenary review over the District Court's sua sponte dismissal of Swint's claims under § 1915(e)(2), see Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020), and we review the District Court's denial of Swint's Rule 59(e) motion to alter or amend the judgment for abuse of discretion. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). We construe Swint's filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

---

[3] The notice of appeal, as well as Swint's brief filed in this Court, also attempts to appeal "part two" of an order entered on February 24, 2024. See ECF No. 27 at 1 & CA No. 7 at 1. However, no order was entered by the District Court on that date. The District Court did enter an order on February 8, 2024, deeming Swint's motion for reconsideration withdrawn. However, that order has already been vacated by the District Court in its June 13, 2024 order.

[4] The scope of this appeal includes review of the District Court's December 14, 2023 order dismissing Swint's second amended complaint. While Swint typically would have 60 days to appeal from that ruling, see Fed. R. App. P. 4(a)(1)(B), the District Court's 10-page memorandum order did not comply with the "separate judgment rule," see Fed. R. Civ. P. 58(a); see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007). Therefore, the December 14, 2023 order is deemed entered 150 days after it was docketed, on May 13, 2024. See Fed. R. Civ. P. 58(c)(2)(B). The lack of separate judgment renders timely Swint's July 5, 2024 notice of appeal, which was filed within 60 days of May 13, 2024.

We will vacate the District Court's dismissal of Swint's FTCA claim. The FTCA "provides a mechanism for bringing a state law tort action against the federal government in federal court." Lomando v. United States, 667 F.3d 363, 372 (3d Cir. 2011) (internal quotations omitted). As noted, the District Court concluded that dismissal of Swint's FTCA claim was warranted because he "failed to raise a single state law tort claim." ECF No. 21 at 6. We disagree.

Swint avers in his second amended complaint that he "suffered 11 years of excruciating pain because of the medical misinformation and negligence" by USP medical staff. SAC at 8. We thus understand him to assert a claim of medical malpractice. To state such a claim, a "plaintiff 'must establish a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered and the damages suffered were a direct result of the harm.'" Wilson v. United States, 79 F.4th 312, 317 (3d Cir. 2023) (quoting Hightower-Warren v. Silk, 698 A.2d 52, 54 (Pa. 1997)).[5] Swint was required to provide only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, he needed to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Further, "a pro se complaint, however inartfully pleaded, must be

_____

[5] It is worth noting that usually there is an additional requirement under Pa. R. Civ. P. 1042.3(a) to file a Certificate of Merit with the complaint or within 60 days of filing the complaint, but that requirement "does not apply in FTCA cases." Wilson v. United States, 79 F.4th 312, 316 (3d Cir. 2023).

held to less stringent standards than formal pleadings drafted by lawyers." Estelle v.

Gamble, 429 U.S. 97, 106 (1976) (quotation marks and citation omitted).

In his operative complaint, Swint pleaded that he was a patient in the USP

Allenwood infirmary and further explains that medical staff there incorrectly asserted that

he had bullet fragments in his body. This prevented them from ordering an MRI, which

in turn prevented them from properly diagnosing or treating his back pain for 11 years.

During this time, he experienced mental anguish, severe pain, and loss of quality of life

as he was perpetually bent over and confined to a walker. Upon his release from prison,

he sought treatment from different doctors who established that there were not any bullet

fragments, ordered an MRI, and determined that he was a candidate for corrective

surgery. Since receiving the corrective surgery, he "walk[s] straight up and [is] absent

from leg and back pain." SAC at 8. Taken together, these facts allow us "to draw the

reasonable inference that the defendant is liable" for medical malpractice. Iqbal, 556 U.S.

at 678. For this reason, we will vacate the District Court's dismissal of Swint's FTCA

claim and remand for further proceedings on that claim.

Meanwhile, we perceive no error in the District Court's dismissal of Swint's

Bivens claim because Swint has failed to allege deliberate indifference to his needs by

USP medical staff.[6] To state an Eighth Amendment claim against prison officials for

failure to provide basic medical treatment, a plaintiff must plausibly allege "(1) that the

---

[6] We may affirm on any basis in the record. See Murray v. Bledsoe, 650 F.3d 246, 247
(3d Cir. 2011) (per curiam).

6

defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference." Id. Swint's complaint does not state any facts indicative of a more culpable state of mind than negligence. Indeed, he indicates that USP medical staff made numerous attempts to diagnose and treat his pain. While Swint challenges the adequacy of that care, he has not pleaded anything tending to show deliberate indifference. See U.S. ex rel. Walker v. Fayette Cnty., Pa., 599 F.2d 573, 575 n.2 (3d Cir. 1979). For this reason, we will affirm the District Court's dismissal of Swint's Bivens claim.[7]

The District Court did not abuse its discretion when it denied Swint's motion for reconsideration. A party seeking reconsideration under Rule 59(e) must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Though the motion was timely and should have been construed as a motion under Rule 59(e), cf. Walker v. Astrue, 593 F.3d 274, 279 (3d Cir. 2010) (explaining that it is proper to construe an untimely Rule 59(e) motion as a Rule 60(b) motion), Swint nevertheless failed to raise

---

[7] Because the claim fails, we need not decide whether it is analogous to Carlson v. Green, 446 U.S. 14 (1980), or arises in a new context. See Fisher v. Hollingsworth, 115 F.4th 197, 205 (3d Cir. 2024); Egbert v. Boule, 596 U.S. 482, 490-91, 501 (2022).

any recognized grounds for relief under that rule. Swint's motion requests the court's intervention in his pending FOIA request and asserts that the court failed to address the Government's affirmative statute of limitations defense. Though a court's legal error can be the basis for relief under Rule 59(e), Swint's motion does not allege any cognizable legal error by the District Court. The District Court did not have a duty to intervene in his pending FOIA request, and because the Government never asserted an affirmative statute of limitations defense (because it never filed anything in the District Court), the District Court had no obligation to address it.

Accordingly, we will affirm the District Court's orders dismissing Swint's <u>Bivens</u> claim and denying his motion for reconsideration. We will also vacate the District Court's dismissal of Swint's FTCA claim and remand for further proceedings on that claim only.[8]

---

[8] Finally, we deny Swint's motion in this Court for remand to the District Court pursuant to Fed. R. App. P. 12.1. Rule 12.1 allows a court of appeals to remand for further proceedings in the district court if a timely motion has been filed in the district court which it lacks authority to grant because an appeal has been docketed. No motions have been filed in the District Court in this case since Swint filed his notice of appeal, and thus remand under Rule 12.1 is not warranted.